### 54055. SILVEY v. THE STATE.

DEEN, Presiding Judge.

1. On a trial for the offense of burglary, it was not error in the absence of request for the trial court to fail to charge the law relating to the offense of receiving stolen

goods. *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354).

2. Code § 26-602, which was enacted by Ga. L. 1968, pp. 1249, 1269, provides that no person shall be found guilty of any crime committed by misfortune or accident where there was no "criminal scheme or undertaking, or intention, or criminal negligence." This is in the language of former Code § 26-404 except for the substitution of "evil design" for "criminal scheme" and "culpable neglect" for "criminal negligence." As to the latter, the rule was as stated in *Coleman v. State*, 208 Ga. 511 (1) (67 SE2d 578): "Since there was evidence to the effect that the [criminal act] was accidental, the court should have charged, without request, the law relating to misfortune or accident." In *Whigham v. State*, 131 Ga. App. 261 (2) (205 SE2d 467) it was held that the law of misfortune or accident need not be charged, absent request, "where the court charges on the essential elements of the crime with which the defendant is charged, including the necessity of intent." This language is perhaps too broad; nevertheless, in *Whigham*, where the victim was shot in the course of an extended melee, the sole question was intention, and this was properly charged. In *Henderson v. State*, 141 Ga. App. 430 (233 SE2d 505), however, the line was drawn on a determination of whether the defense was a "material issue" and we believe this to be the true rule. In the present case, the defendant occupied the half of a duplex next to the apartment burglarized. Some of the items taken were found in his possession. His defense was that he had left his house open and did not know how the articles came to be there; however, he did not return them, but carried them to another person whom he asked to store them for him. The material issue was whether the defendant acquired and kept the articles with felonious intention, and on intent the court correctly charged: "A crime is a violation of a statute of this State in which there shall be a union or joint act and intention or criminal negligence. . . . [A] person will not be presumed to act with criminal intention, but you may find such intention upon consideration of the words, the conduct, the demeanor, the motive, and all other circumstances connected with the act." The evidence supports the verdict, and failure to charge Code § 26-602 was not error.

3. Alibi as a defense involves the impossibility of the defendant's presence at the scene of the crime at the time of its commission. Code § 38-122. Where the sole defense is alibi or it is supported by testimony, an instruction on this point must be given even in the absence of request. *Willingham v. State,* 131 Ga. App. 851 (1) (207 SE2d 249). "Where the competent testimony does not exclude the possibility of the defendant's presence with respect to the time and place of the offense for which he was indicted, there is no error in not charging alibi. *Bennett v. State,* 128 Ga. App. 260 (196 SE2d 413)." *Welch v. State,* 130 Ga. App. 18 (5) (196 SE2d 413). The state established without contradiction that the burglary was committed between 11 a.m. and 5 p.m. The defendant testified that he worked in the afternoon, and said, "I was supposed to have been working in the morning but I stopped off..." and "I got to drinking and I don't really know what time I [got home]," but he did remember that it was daylight, and "I was thinking it was in the morning." This being the only testimony, the failure to charge alibi without request was not error.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED JUNE 6, 1977 — DECIDED JUNE 15, 1977 — REHEARING DENIED JUNE 30, 1977 —

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, Assistant District Attorneys,* for appellee.