## 57780. CANTRELL v. THE STATE.

BIRDSONG, Judge.

Charles T. Cantrell was convicted of theft by taking and sentenced to serve ten years. He enumerates as error the denial of his motion for new trial on two grounds: (1) that guilt being predicated upon circumstantial evidence, the evidence does not exclude every reasonable hypothesis except that of guilt; and (2) that it was error to charge upon the theory of conspiracy, the evidence only showing Cantrell's mere presence at the scene. *Held:*

The evidence shows that three young women entered an apparel store and started looking at certain leather jackets. They were dressed in such a way and acted in such a way that the sole sales clerk suspected a shoplifting attempt. Shortly after the three women entered the store,

the appellant entered and sought to get the clerk to go to the back of the store to show him some slacks. Appellant persisted in these attempts until the three young women left the store. The clerk suspected that the appellant was attempting to divert her attention while the women secreted the jackets. After all four of the customers left the store, the clerk ascertained that at least three jackets had indeed been taken. The clerk went to the door and observed the three young women leave the area in a purple Cadillac automobile. Subsequently, the appellant Cantrell and the three young women were apprehended at a different location, that same day on the street standing by the purple Cadillac. A search of the car revealed plastic bags in which were found three leather coats, one blue, which still had attached to them the name tags of the store from which the coats had been taken.

We are satisfied that the jury was warranted in concluding that the evidence excluded every reasonable hypothesis except that of guilt. *Harris v. State,* 236 Ga. 242, 245 (223 SE2d 643); *Pinson v. State,* 235 Ga. 188, 190 (219 SE2d 125); *Workman v. State,* 137 Ga. App. 746 (224 SE2d 757).

Furthermore, it was not error to charge upon the theory of conspiracy nor base the conviction upon that premise. Code § 26-801; *Scott v. State,* 229 Ga. 541, 544 (192 SE2d 367); *Lumpkin v. State,* 176 Ga. 446, 449 (168 SE 241); *Jerdine v. State,* 137 Ga. App. 811, 812 (224 SE2d 803); *McGinty v. State,* 134 Ga. App. 399, 400 (214 SE2d 678).

Based upon the foregoing, it was not error for the trial court to deny the motion for new trial on the enumerated grounds.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED MAY 9, 1979 — DECIDED JUNE 7, 1979.

*Smalley, Cogburn & Flynt, Eugene W. Dabbs, IV,* for appellant.

*Johnny L. Caldwell, Jr., District Attorney, Paschal A. English, Jr., J. David Fowler, Assistant District*

*Attorneys,* for appellee.