## 58386. FACISON v. THE STATE.

CARLEY, Judge.

Appellant was indicted and tried for murder. Testimony at trial showed that appellant and the victim became engaged in a heated verbal exchange which grew in intensity. The victim made certain statements which could be construed as threats to do physical harm to

appellant. The evidence showed that the victim then put his hand in his pocket, said to appellant "Whatever you want to do we will do it here and now" and took several steps toward appellant. Appellant then drew a pistol and shot the victim. From his conviction of voluntary manslaughter on this evidence appellant appeals.

1. Appellant enumerates as error the court's refusal to give the following request to charge: "Members of the Jury, I charge you that words, threats and menaces may, in some circumstances, be sufficient to arouse in the mind of the person to whom they are directed, a reasonable fear that his life is in immediate danger, or that a felony is about to be committed on his person." This charge was an accurate statement of the law of self-defense. *Moore v. State,* 228 Ga. 662, 663 (1) (187 SE2d 277) (1972). The requested charge was adjusted to the evidence in this case. The state apparently concedes that the request is both accurate and applicable. It urges, however, that the court's charge, taken as a whole and as given, fully and completely instructed the jury as to the principles contained in the request and that the rejection was, therefore, not erroneous. *Cohran v. State,* 141 Ga. App. 4, 5 (2) (232 SE2d 355) (1977).

The court's instruction insofar as it related to self-defense follows, in its entirety: "I charge you that a person is justified in threatening or using force against another when and *to the extent that he reasonably believes that such threat or force is necessary* to defend himself or a third person against such others imminent use of unlawful force. However, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he *reasonably believes* that such force is necessary to prevent death or great bodily injury to himself or a third person or the commission of a forcible felony. Now in connection with that I charge you at this time that a forcible felony means any felony which involves the use of or threat of physical force or violence against any person. I charge you further that a person is not justified in using force under the circumstances as specified in my previous portion of the charge if he initially provokes the use of force against himself with the intent to use such force as an excuse to inflict bodily harm upon the assailant, or is

attempting to commit, committing, or fleeing after the commission or attempted commission of a felony, or was the aggressor or was engaged in a combat by agreement unless he withdraws from the encounter and effectively communicates to such other person his intent to do so, and the other notwithstanding continues or threatens to continue the use of unlawful force. Now should you believe ... that the killing took place as alleged in the Indictment and that the defendant was justified in threatening or using force against the deceased when and *to the extent that he reasonably believed* that such threat or force was necessary to defend himself or his companions, or if you should have a reasonable doubt as to his guilt, you should acquit him, and in that event the form of your verdict would be, 'We, the Jury, find the defendant not guilty.' " (Emphasis supplied.)

The charge, as given, fully and completely instructed the jury that appellant was authorized to use such force as he "reasonably believed" was necessary to defend himself. Appellant's request was, however, an attempt to have the jury instructed as to *when* he was entitled to "reasonably believe" the use of deadly force was necessary—that under certain circumstances threats coupled with menaces might justify a reasonable man's belief that his life is in danger, or that a felony is about to be perpetrated upon him. Such a charge was important to appellant's defense, for while it was shown that the victim had threatened appellant verbally, put his hand in his pocket and moved toward appellant, it was also shown that the victim was unarmed. Having been instructed that appellant was authorized to use deadly force in self-defense "only if he reasonably believes that such force is necessary to prevent death or great bodily injury," the jury was left uninstructed as to the law's recognition that threats and menaces of what proved to be the unarmed victim could be a sufficient basis for a reasonable man to respond with deadly force. " '[W]here the killing is claimed to have been done on account of a reasonable fear in the mind of the slayer, threats accompanied by menaces, though the latter do not amount to an actual assault, may in some instances be sufficient to arouse the fears of a reasonable man that his life is in danger, or that a felony is

about to be perpetrated upon him. In all such cases the motive with which the slayer acted is for determination by the jury; and if it be claimed that the homicide was committed, not in a spirit of revenge, but under the fears of a reasonable man, it is for the jury to decide whether or not the circumstances were sufficient to justify the existence of such fear. [Cits.]' [Cit.]" *York v. State,* 226 Ga. 281 (174 SE2d 418) (1970).

After giving the quoted incomplete charge on self-defense, the trial court further instructed the jury on murder and on voluntary manslaughter. "[A] person commits voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder if he acts solely as the result of a sudden, violent, and irresistible passion resulting from a serious provocation sufficient to excite such passion in a reasonable person. However, if there should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, of which the Jury in all cases shall be the judge, the killing shall be attributed to deliberate revenge and be punished as for murder. I charge you that if you believe . . . beyond a reasonable doubt that except for the sudden and violent and irresistible passion, if any, resulting from serious provocation sufficient to excite the fears of a reasonable person that such killing would have been murder, then you would be authorized to find the defendant guilty of voluntary manslaughter . . . *[T]hreats alone are not sufficient provocation to reduce a homicide from murder to voluntary manslaughter, but threats accompanied by menaces, though the menaces do not amount to an actual assault, may in some instances be enough to excite the fears of a reasonable person so that he acts from these fears and not from malice or any spirit of revenge.* In all cases the motive is for the determination of the Jury. What circumstances will justify an excitement of passion and exclude all idea of deliberation or malice the law does not undertake to say. It furnishes a standard and leaves to the Jury in each case to make the comparison and to determine whether the special facts of the case before them come up to that standard or not. It is a question for the Jury to determine whether the special facts of the case

before them meet the standards set by law. It is for them to say whether the slayer acted from passion or revenge . . ."

The state urges that the emphasized portion of the above quoted charge sufficiently instructed the jury as to the principle contained in appellant's request. However, nowhere in this charge was the jury instructed, as they would have been had appellant's request been given, that threats and menaces may in some instances be enough to excite the fears of a reasonable person that *his life is in danger, or that a felony is about to be perpetrated upon him* —that threats coupled with menaces may justify a reasonable man in acting in self-defense with deadly force. Though the state urges that it relates back to the preceding charge on justification, separated in context by lengthy instructions on murder and voluntary manslaughter, the charge given on threats and menaces as exciting the "fears of a reasonable person" did not instruct the jury that such fears could support a "reasonable belief" that deadly force was necessary in self-defense. The charge, as given, taken as a whole, did not instruct the jury that if they found that the threats and menaces of the victim were enough to excite the fears of a reasonable person that his life or person were in peril and if they found appellant had acted from these fears and not from malice or any spirit of revenge, they would be authorized to find he had acted in *self-defense.*

Indeed, in its context, the given charge on threats and menaces, rather than being curative or ameliorative as urged by the state, may well have served to confuse the jury. Having been instructed that threats alone *are not sufficient provocation to reduce murder to manslaughter,* the jury was immediately thereafter instructed that threats accompanied by menaces might excite the reasonable man into action. But the failure of the instruction to indicate that the result of such action might be *justified as self-defense,* coupled with the fact that the jury was instructed that the "motive" behind the homicide was for their determination, may well have left the jury with the impression that if appellant had reacted to the threats and menaces of the victim as a "reasonable man" *this* would be sufficient only to reduce murder to voluntary manslaughter but not sufficient to justify the

homicide as self-defense so as to require a verdict of not guilty. It is to be noted that the jury did, in fact, find the defendant guilty of voluntary manslaughter.

Construing the charge in its entirety, we are compelled to the conclusion that the jury was not instructed that if the threats and menaces of the victim were found by them to be sufficient to arouse in appellant, as a reasonable man, fears for his life or great bodily injury and that he acted from such fears, they would be authorized to find the homicide was *justified as self-defense.* The failure of the trial court to include in its charge the language of appellant's request or to otherwise instruct the jury as to the principle thereof constitutes error requiring the grant of a new trial. Compare *Green v. State,* 230 Ga. 756 (199 SE2d 199) (1973); *Chambers v. State,* 134 Ga. App. 53 (213 SE2d 158) (1975).

2. Appellant enumerates as error the refusal to give his request to charge on Code Ann. § 26-1103 (b), commission of involuntary manslaughter in the commission of a lawful act in an unlawful manner—the "lawful act" being self-defense and the "unlawful manner" being excessive (deadly) force. The state, relying upon *Washington v. State,* 126 Ga. App. 396, 397 (190 SE2d 821) (1972), and appellant's testimony that he did not intentionally fire at the victim but accidentally shot him, urges that "[u]nder the facts even if the defendant did not intend to kill the deceased . . . he nevertheless committed an aggravated assault upon his victim, a felony . . . unless, of course, he was acting in self-defense, in which case he would be guilty of no crime. Thus the deceased's death was not caused by defendant by the commission of an unlawful act other than a felony and there is no basis to show that the defendant caused the death in the commission of a lawful act in an unlawful manner. [Cit.] The trial court correctly limited the case to murder, voluntary manslaughter or justifiable homicide by reason of self-defense." The decision in *Washington* was overruled in *Jackson v. State,* 143 Ga. App. 734 (240 SE2d 180) (1977). It is now the law that a request to charge on Code Ann. § 26-1103 (b) should be given when the evidence would authorize the jury to find that the defendant caused the death unintentionally while acting in self-defense but

that he used excessive force. *Allen v. State,* 147 Ga. App. 701, 702 (2) (250 SE2d 5) (1978). The evidence in the instant case would support a finding that appellant was authorized to act in self-defense but not to use deadly force in doing so and, that while using unauthorized excessive force, he unintentionally (accidentally) killed the victim. Compare *Hudson v. State,* 146 Ga. App. 463 (246 SE2d 470) (1978); *Loggins v. State,* 147 Ga. App. 122 (248 SE2d 191) (1978); *Simpson v. State,* 150 Ga. App. 814 (258 SE2d 634) (1979). The request to charge was erroneously denied.

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 5, 1979 — DECIDED DECEMBER 3, 1979 —

*David L. Shiver,* for appellant.
*Thomas H. Pittman, District Attorney, Thomas D. Watry, Assistant District Attorney,* for appellee.