## 64700. TAYLOR v. THE STATE.

DEEN, Presiding Judge.

Taylor was indicted for murder in the shooting death of an acquaintance, apparently as the result of an altercation between them during his visit to the victim's premises. Taylor testified that the men grappled and that he was shot once with the victim's pistol; that he cut the victim several times with his knife, and that the latter was then fatally wounded by a shot in the forehead. The verdict of

voluntary manslaughter is attacked on two special grounds only.

1. It developed while striking the jury that a potential juror was the interim city manager of Thomasville, Georgia, the county seat where the trial was being held. The defense attorney moved to disqualify him on the ground that this "is a case in which the police department of the City worked and is actually the prosecutor and . . . he would be at least at one level a supervisor with regard to the Police Department." The court found no legal authority requiring disqualification, questioned the juror as to whether he might be influenced by association with any law enforcement officers, and on being assured that the juror would consider only the evidence in the case he overruled the motion. We agree with this ruling. See *Butler v. State,* 231 Ga. 276 (201 SE2d 448) (1973). There has been no attempt to show any resulting prejudice. The appellant cites a number of cases which are, however, not on the mark. In a criminal fraud action persons kin to the allegedly defrauded stockholders within the prohibited degree were held incompetent in *McElhannon v. State,* 99 Ga. 672 (26 SE 501) (1896), a situation not arising here. There was no prohibited degree of kinship as in *Williams v. State,* 206 Ga. 107 (55 SE2d 589) (1949), or *Snead v. State,* 167 Ga. 271 (145 SE 510) (1928), nor was there any question of money contribution as in *Tatum v. State,* 206 Ga. 171 (56 SE2d 518) (1949). We have also considered *Hutcheson v. State,* 246 Ga. 13 (268 SE2d 643) (1980), where two city police officers who appeared as prospective jurors in uniform and wearing guns were held erroneously left on the voir dire list in spite of objections. We see a great difference between leaving a fellow officer, especially one carrying a weapon, on a jury list and failing to strike a civilian municipal employee such as a pro tem city manager. We cannot imagine that this position would in and of itself be sufficient to influence the juror as an "employer" of the police officers in spite of his assurance, accepted by the trial court, that it would not.

2. Appellant assigns as error the trial court's failure to charge the jury on the affirmative defense of accident. Appellant's counsel had made a timely written request that the court give the jury a two-paragraph instruction consisting of an expanded version of Ga. Code Ann. § 26-602, which defines crimes "committed by accident or misfortune" as those in which "it satisfactorily appears there was no criminal scheme or undertaking, or intention, or criminal negligence" and states that in such circumstances "[a] person shall not be found guilty." In the course of its charge to the jury the court stated that the defendant had raised two affirmative defenses, accident and self-defense, and then proceeded to define "affirmative defense" and its implications. A charge on self-defense had previously been given. Nowhere in the entire charge to the jury, however, did the court

define "accident" as a defense or give the jury any instruction whatsoever regarding that theory. When there is a timely written request for an instruction on an affirmative defense that is supported by evidence, it is reversible error to fail to give the instruction, whether verbatim or in substance. *High v. State,* 153 Ga. App. 729 (266 SE2d 364) (1980); *Facison v. State,* 152 Ga. App. 645 (2) (263 SE2d 523) (1979); compare *DeBerry v. State,* 241 Ga. 204 (243 SE2d 864) (1978).

We find that in the instant case the court erred in failing to give the requested instruction on accident as an affirmative defense. The judgment of the trial court should be vacated.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 19, 1982 —
REHEARING DENIED DECEMBER 6, 1982.

*Harry J. Altman II,* for appellant.

*H. Lamar Cole, District Attorney, Jim Hardy, Assistant District Attorney,* for appellee.