## 72782. SAPP v. THE STATE.
(347 SE2d 354)

POPE, Judge.

Sylvia Lou Sapp brings this appeal from her conviction and sentence of obstruction of an officer. *Held*:

1. The State's evidence shows that appellant's three sons were arrested and taken to the Clay County jail for booking. The booking process was being conducted in the deputy sheriff's office, a restricted area. A short while after the booking had begun, appellant, who was accompanied by her husband and daughter, appeared at the deputy's office and began beating on the door and hollering to get in. The deputy sheriff and the other officer in the office interrupted the booking process to respond to appellant's beating on the door and to explain to her that she could not see her sons at that time. Appellant nevertheless demanded entrance and twice attempted to push her way past the officers and into the deputy's office. Responding to the commotion, the sheriff came out of his office (from across the hall) and told appellant she would have to calm down and to leave. The sheriff removed appellant's hands from the door and she then slumped to the floor, screaming and "just creating a scene." After refusing the sheriff's repeated requests to leave, appellant was bodily removed from the premises by the sheriff and the deputy and placed upon the hood of her car.

Appellant's version of what transpired at the jail materially contradicts the State's evidence. She testified that upon entering the jail and finding the hallway empty, she knocked three times with her knuckles on the door to the deputy sheriff's office. The door was

opened a crack, but before she could make any inquiry of the deputy, the sheriff came out of his office and "pounced on" her. That is, "he was right on top of me, right in my face." She asserted that the sheriff emphatically told her to leave, that she had no business at the jail. She explained that she merely wished to inquire after her sons and would leave. Almost immediately, however, she was struck with pain (purportedly due to a long-standing heart condition) which caused her to fall to the floor. She contended that the sheriff knew of her heart condition but nevertheless dragged her bodily (with the assistance of another officer) out of the jail and "slung" or threw her upon the hood of her car from which she fell and injured her left side.

Whether or not the actions of appellant had the effect of hindering or impeding the officers in carrying out their assigned duties was for the jury to decide. *Hudson v. State*, 135 Ga. App. 739 (2) (218 SE2d 905) (1975). The jury made its decision, obviously rejecting appellant's version of what transpired, and we find that under the facts here any rational trier of fact could have found appellant guilty as charged beyond a reasonable doubt. See OCGA § 16-10-24. The trial court did not err in denying appellant's motion for directed verdict of acquittal. See generally *Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436) (1984).

2. "Appellant assigns as error the trial court's failure to charge the jury on the affirmative defense of accident. Appellant's counsel had made a timely written request that the court give the jury [an] instruction consisting of an expanded version of [OCGA § 16-2-2], which defines crimes 'committed by accident or misfortune' as those in which 'it satisfactorily appears there was no criminal scheme or undertaking, or intention, or criminal negligence' and states that in such circumstances '(a) person shall not be found guilty.' . . . Nowhere in the entire charge to the jury, however, did the court . . . give the jury any instruction whatsoever regarding that theory. When there is a timely written request for an instruction on an affirmative defense that is supported by evidence, it is reversible error to fail to give the instruction, whether verbatim or in substance. [Cits.]" *Taylor v. State*, 164 Ga. App. 660, 661-62 (297 SE2d 755) (1982). Appellant's testimony in this case was sufficient to raise a jury question as to whether any obstruction by her of the sheriff and his men was deliberate or accidental, i.e., caused by appellant's misfortune in being stricken ill while being confronted by the sheriff. See *Dotson v. State*, 144 Ga. App. 113 (1) (240 SE2d 238) (1977). Compare *Silvey v. State*, 142 Ga. App. 699 (2) (236 SE2d 869) (1977), wherein the trial court's failure to charge on the defense of accident was found not to be error because said defense was not a "material issue" in the case. Therefore, the judgment below must be reversed.

*Judgment reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED JULY 3, 1986.

*C. B. King*, for appellant.
*Charles Ferguson, District Attorney*, for appellee.