## 77122. CARTER v. THE STATE.
(373 SE2d 277)

BANKE, Presiding Judge,

Curtis Carter brings this appeal from his convictions of theft by shoplifting and obstruction of an officer.

According to the stipulated facts submitted in lieu of a trial transcript, a store employee observed the appellant and his brother place four cartons of cigarettes into their shopping cart and thereafter engage in an animated conversation, in which the appellant was heard to say to his brother, "Go." At that point, the appellant left the store, and his brother concealed the cigarettes under his clothing. The appellant's brother was immediately detained by the store manager, and during that confrontation, the appellant reentered the store several times and "looked around." The appellant and his brother were both taken to the manager's office, where the appellant denied knowing his brother. After being placed under arrest for shoplifting, the appellant gave the booking officer an incorrect birthdate and social security number. *Held*:

1. The appellant contends that there was no evidence of any intent on his part to participate in the theft. While mere presence at the scene of a crime affords no basis for a conviction, " 'presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' [Cit.]" *Kimbro v. State*, 152 Ga. App. 893, 894 (264 SE2d 327) (1980). Criminal intent may be inferred by the trier of fact

"upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6. Moreover, " '[w]here transactions involving relatives are under review slight circumstances are often sufficient to induce a belief that there was collusion between the parties.' [Cits.]" *Robinson v. State*, 175 Ga. App. 769, 772 (2) (334 SE2d 358) (1985). We hold that the evidence concerning the appellant's conduct in this case was sufficient to enable a rational trier of fact to find him guilty as a party to the offense of theft by shoplifting beyond a reasonable doubt. See generally OCGA § 16-2-20; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that his failure to give accurate information to the booking officer did not constitute obstruction of an officer. See *In re G. M. M.*, 179 Ga. App. 800 (1) (348 SE2d 126) (1986). That offense is committed by "knowingly and willfully obstruct[ing] or hinder[ing] any law enforcement officer in the lawful discharge of his official duties. . . ." OCGA § 16-10-24. "[T]he statute was made purposefully broad to cover actions which might not be otherwise unlawful, but which obstructed or hindered law enforcement officers in carrying out their duties." *Hudson v. State*, 135 Ga. App. 739, 742 (2) (218 SE2d 905) (1975). Whether the actions of a defendant in a particular case actually had the effect of hindering or impeding the officer is a decision for the trier of fact. *Sapp v. State*, 179 Ga. App. 614 (1) (347 SE2d 354) (1986). The trial judge, sitting as the trier of fact, was authorized to determine that the appellant's conduct in providing false information to the booking officer constituted obstruction of an officer. Accord *Hudson v. State*, supra.

3. The appellant maintains that the trial court erred in allowing the state to introduce into evidence, over his objection, several cigarette cartons found in his brother's van at the time of their shoplifting arrests. "[E]vidence is relevant if it renders the desired inference more probable than it would be without the evidence." *Baker v. State*, 246 Ga. 317, 319 (3) (271 SE2d 360) (1980). Under the wide latitude given the trial court in determining whether the probative value of evidence outweighs its potential for prejudice, the admission of this evidence was not error. See *Alexander v. State*, 239 Ga. 108 (1) (236 SE2d 83) (1977).

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 20, 1988.

*Janet G. Scott*, for appellant.
*John C. Carbo III, Solicitor, Jackie N. Stanton, Anne Landrum,*

*Assistant Solicitors,* for appellee.