A92A0279. PIPPINS v. THE STATE.
(419 SE2d 28)

ANDREWS, Judge.

Pippins was convicted in the Probate Court of Upson County of driving under the influence. He appealed to the Superior Court pursuant to OCGA § 40-13-28, where his conviction was affirmed. In appealing to this Court, Pippins claims the Superior Court erred by failing to reverse his conviction on the basis of the five enumerations of error he raised below and now asserts in the present appeal.

1. Pippins claims that because the judge before whom he was tried in Probate Court was not a lawyer, due process requires that he be accorded the right to a de novo review of his conviction before a judge who is a lawyer. Since the appeal to the Superior Court pursuant to OCGA § 40-13-28 was not a de novo review, but rather a review of asserted errors under general appellate principles, he claims this procedure violates due process and requires that the Superior Court judgment be reversed. See *Walton v. State*, 261 Ga. 392, 394 (405 SE2d 29) (1991). As the State points out, the record is devoid of any evidence that the Probate Court judge was not a lawyer. Where error is asserted, the burden is on the appellant to support his claim in the record, or an affirmance as to that issue will result. *Morris v. Hodge,*

152 Ga. App. 815, 816-817 (264 SE2d 482) (1979). Moreover, the Supreme Court noted in *Walton,* in the context of an appeal from Probate Court to Superior Court, that "[a] review of the record from a court without a law-trained judge has been held to satisfy due process. . . ." *Walton,* supra at 394 n. 5.

2. In his second enumeration, Pippins asserts that his conviction should have been reversed because the Probate Court erroneously denied his motion to suppress the fruits of his arrest based on his claim that the arrest was illegal. Pippins filed a written motion to suppress prior to trial. There was no hearing or ruling on the motion prior to trial. Pretrial colloquy between the Court and defense counsel indicates that defense counsel elected not to pursue the motion prior to trial, and reserved the right to raise the motion, if necessary, during the course of the bench trial. Thereafter, the State presented the testimony of the arresting officer. The Court struck portions of the officer's testimony based on defense objection; however, the following testimony was admitted without objection: Police officers were conducting a highway roadblock to check vehicles just inside the county line between Upson and Taylor Counties. The officer, a member of the Georgia State Patrol, observed a vehicle approach the highway from a side road in front of the roadblock. The vehicle sat at the intersection for several minutes before going back down the side road away from the highway. After unsuccessfully attempting to follow the vehicle down the side road, the officer returned to the roadblock. About five minutes later, the same vehicle came out of the side road, and turned down the highway away from the roadblock. The officer followed the vehicle a short distance across the county line, and stopped it in Taylor County. The officer observed that Pippins, who was driving the vehicle, was unsteady, had glassy eyes, and a strong odor of alcohol about his person. The officer placed Pippins under arrest for driving under the influence. Pippins was advised of his implied consent rights. Through the officer who administered the test, the State also laid a foundation for admission of the intoximeter test given to Pippins after his arrest. See OCGA § 40-6-392. The test measured Pippins' blood-alcohol content to be .20 percent.

By electing not to pursue the motion to suppress prior to trial, and failing to thereafter raise it or otherwise object to the evidence sought to be excluded, the defendant waived any objection to the evidence on grounds that it was the fruit of an illegal arrest. See *Hawes v. State,* 240 Ga. 327, 333 (240 SE2d 833) (1977) (failure to interpose a timely motion to suppress constitutes a waiver of the constitutional issue in question).

3. The arresting officer testified that he read Pippins his implied consent rights under OCGA § 40-6-392 from a card he carried for that purpose. This was sufficient to constitute a prima facie showing that

the State informed the defendant of his implied consent rights. *Snelling v. State*, 176 Ga. App. 192, 193 (335 SE2d 475) (1985). Pippins did not rebut this showing, and there was no error in the admission of the test results.

4. In his fourth and fifth enumerations, Pippins claims error in the denial of his motion for a directed verdict of acquittal. The evidence admitted was sufficient to support denial of the motion, and for a rational trier of fact to conclude that the defendant was guilty beyond a reasonable doubt of the charged offense. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see OCGA § 17-9-1.

As to Pippins' claim that venue was in Taylor County, where he was arrested, evidence that the officer spotted Pippins driving in Upson County and followed him across the county line to make the arrest is sufficient to establish venue in Upson County beyond a reasonable doubt. See OCGA § 17-2-2 (b), (e), and (h).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED APRIL 6, 1992 —
RECONSIDERATION DENIED MAY 7, 1992 —

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III, Eric D. Hearn, Patricia A. Buttaro*, for appellant.

*W. Fletcher Sams, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.