## A93A2053. O'NEAL v. THE STATE.
### (440 SE2d 513)

SMITH, Judge.

Buster O'Neal was indicted on charges of possession of cocaine with intent to distribute, OCGA § 16-13-30 (b), possession of marijuana, OCGA § 16-13-30 (j) (1), and misdemeanor obstruction of an officer, OCGA § 16-10-24 (a). A jury acquitted him on the marijuana charge and found him guilty of the cocaine and obstruction charges. His motion for new trial was denied.

The evidence introduced at trial showed that Macon police officers received reports on a drug "hot line" that O'Neal was selling crack cocaine from a certain apartment in a housing project in Macon. In the course of investigating these reports, they set up a controlled buy in which a reliable confidential informant purchased crack cocaine from O'Neal at the project. Officer Mark Cotton testified that he then gathered several other Macon police officers, went to the project, and observed O'Neal standing in front of Building 15 engaged in what appeared to the officers to be a drug transaction with a woman later identified as Shirley Taylor. After identifying themselves as police officers, the officers ran toward O'Neal, and he fled into a nearby apartment after passing something to Taylor. Cotton and Officer Greg Stone followed O'Neal. Another officer covered the back door to the apartment, and Officer Jacquelyn Collins approached the woman.

The chase proceeded through the apartment. O'Neal ran through the living room past several occupants, down a hallway, and into the

bathroom just beyond reach of Cotton's arm. Cotton testified that as O'Neal rushed into the bathroom he knocked over a man standing in front of the toilet. Cotton saw O'Neal reach into his left front shorts pocket, pull out a plastic bag, toss it into the toilet, and attempt to flush it away. Cotton and Stone grabbed O'Neal intending to remove him from the bathroom, but O'Neal managed to break free and again flushed the toilet. The toilet overflowed, the plastic bag floated to the top, and Stone was able to reach into the toilet and remove the bag. The two officers then subdued O'Neal on the floor in the hallway and handcuffed him. As they picked him up, they found a marijuana cigarette on the floor underneath his body. The plastic bag retrieved from the toilet contained 42 small plastic packets containing crack cocaine. Cotton testified that based on his experience, the manner in which the cocaine was packaged showed that it was intended for sale as individual $20 packets. Stone's testimony corroborated that of Cotton.

Collins testified that she found in Taylor's hand a marijuana rolling paper in which a small amount of marijuana was balled up.

1. O'Neal contends the evidence was insufficient to support his conviction for possession of cocaine with intent to distribute. His contention is based on assertions that the officers' testimony was inconsistent in several respects and that trial counsel successfully impeached the testimony of Cotton by demonstrating that he testified differently in several respects at a commitment hearing. We find no merit in this contention.

Inconsistencies between the testimony of witnesses are for the jury to resolve. Despite any such inconsistencies in the officers' testimony and even assuming the successful impeachment of portions of Cotton's testimony, the jury was nevertheless authorized to accept the officers' testimony and to base a conviction upon it, particularly since Cotton's testimony was completely corroborated by that of Stone. See *Parker v. State*, 145 Ga. App. 205, 206 (1) (243 SE2d 580) (1978). The evidence was sufficient to authorize the jury to find O'Neal guilty of possession of cocaine with intent to distribute under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. O'Neal also maintains the evidence was insufficient to support his conviction for misdemeanor obstruction of the officers. This offense is committed by "knowingly and willfully obstruct[ing] or hinder[ing] any law enforcement officer in the lawful discharge of his official duties." OCGA § 16-10-24 (a). Because the obstruction must be "knowing and willful," the State was required to prove that O'Neal knew or should have known that he was being pursued by police officers. See *Evans v. State*, 154 Ga. App. 381-382 (1) (268 SE2d 429) (1980). Although O'Neal testified he had no knowledge his pursuers were police officers because they never identified themselves as of-

ficers, the testimony of all three officers who testified was to the contrary. All three testified they identified themselves loudly as police officers at the beginning of the chase. It is evident that the jury believed the testimony of the officers rather than that of O'Neal. " 'Determining the credibility of witnesses and resolving conflicts goes to the weight of the evidence and is for the jury's consideration. [Cit.] This court determines only the legal sufficiency of the evidence. [Cit.]' [Cit.]" *Foster v. State*, 203 Ga. App. 328, 330 (416 SE2d 855) (1992).

Conviction of obstruction of an officer requires proof of forcible resistance or opposition to an officer in the performance of his duties. Whether the defendant's actions actually hindered or impeded officers is a decision for the jury. *Sapp v. State*, 179 Ga. App. 614, 615 (1) (347 SE2d 354) (1986). The evidence showing O'Neal's flight and his struggle with the officers authorized the jury to conclude that he hindered them in the performance of their duties and to find him guilty beyond a reasonable doubt of misdemeanor obstruction of the officers. See generally *Cason v. State*, 197 Ga. App. 308 (398 SE2d 292) (1990), overruled on other grounds *Duke v. State*, 205 Ga. App. 689, 690 (423 SE2d 427) (1992).

3. We find no merit in O'Neal's assertion that the State failed to prove the chain of custody of the drugs introduced into evidence. Stone testified he retrieved the plastic bag from the toilet and handed it to Cotton. Cotton testified he collected it as evidence, tagged it, and took it to the Macon Police Department Crime Lab for safekeeping. Collins testified she removed the package, with its seal intact, from the Macon Crime Lab, took it to the State Crime Lab, and dropped it in the lock box. Kathryn Lee of the State Crime Lab testified she removed the package from the lock box at the lab and performed the analyses to which she testified. There was thus no break in the chain of custody and no indication of tampering. Notwithstanding that the officers testified they could not possibly identify the cocaine in the exhibits introduced at trial as the cocaine seized by them, evidence such as that given in this case has been held to constitute a proper chain of custody when the defendant introduces no evidence showing substitution or tampering. *Shivers v. State*, 188 Ga. App. 744, 745 (1) (374 SE2d 233) (1988).

4. O'Neal's motion for new trial was based primarily on his claim of ineffective assistance of counsel, and he contends the trial court erred by ruling that his trial counsel provided effective assistance. O'Neal was required to show that trial counsel's performance was deficient and that this deficiency prejudiced the outcome of the case. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). He was required to overcome the strong presumption that counsel's conduct fell within the broad range of reasonable professional conduct. See *Cauley v. State*, 203 Ga. App. 299, 301 (2) (416

SE2d 575) (1992). At the hearing on the motion for new trial, it was shown that trial counsel, an experienced member of the bar, investigated the case, represented O'Neal at a commitment hearing, and conferred extensively with the prosecutor's office regarding a proposed plea bargain, which O'Neal rejected. Counsel submitted requests to charge, interviewed witnesses, and provided effective trial representation that resulted in O'Neal's acquittal on the marijuana charge. The trial court did not err in its conclusion that O'Neal failed to show that his trial counsel was ineffective under the standard enunciated in *Strickland*, supra.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED JANUARY 26, 1994.

*L. Elizabeth Lane*, for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.