## A95A1763. IMPERIAL v. THE STATE.
### (461 SE2d 596)

McMurray, Presiding Judge.

Defendant was charged in an accusation with misdemeanor obstruction of a law enforcement officer, "by refusing to obey orders and refusing to cooperate, thus disrupting said agent's operation." He was also charged with carrying a concealed weapon. The evidence adduced at his jury trial showed that on October 28, 1994, defendant attended a Halloween party at the home of Marta Toal. That same night, Special Agent Jeff Fountain of the Lowndes-Valdosta-Brooks Drug Task Force and others executed a "no-knock" search warrant for 2235 Horace Avenue, which is "a dark brown double-wide trailer with cream colored trim," looking for marijuana. He "knew that both of [the] people that owned the residence were convicted drug dealers." Special Agent Fountain exited his vehicle, yelling " 'Get on the floor; search warrant; police officers.' There was a large party when we pulled up . . .[, with] approximately 10 to 15 people in the back yard." The number of people present "diverted [police] plans for most of the agents entering the trailer[, so Special Agent Fountain] rushed to the back of the yard . . . [and called to everyone], 'Police officers; search warrant; get on the ground.' Everybody starts dropping to the ground and that's when [Special Agent Fountain] encountered [defendant]. When [Special Agent Fountain] encountered [defendant], he refused to get on the ground." Special Agent Fountain explained that persons at the scene of a drug investigation are ordered to get on the ground for their own safety. As Special Agent Fountain "approached [defendant,] he did not want to get on the ground. He looked over toward a female to my left and he started in a high voice saying, it was either 'That is my daughter' or 'That is my sister. Leave her alone.' At that point, [Special Agent Fountain] kept ordering [defendant] to get on the ground. He still would not get on the ground. Finally, he made a motion to get on the ground and that's when I pushed him to the ground." Special Agent Fountain was emphatic that defendant "was not thrown to the ground." Special Agent Fountain used only "the force necessary to get him on the ground for his protection and ours." Defendant commented, " 'I'm a police officer. I know what my rights are. I'm going to sue you,' and basically kept mouthing off." In his defense, defendant testified that he did not immediately jump to the ground when ordered because he thought the whole situation "was a joke."

The jury acquitted defendant of the weapons charge but found him guilty on the charge of obstruction of a law enforcement officer. From the judgment of conviction for misdemeanor obstruction of a law enforcement officer, defendant brings this direct appeal. *Held*:

In two related enumerations, defendant challenges the sufficiency

of the evidence to sustain his conviction. He argues that there was only a mere verbal encounter without the necessary show (or offer) of violence, relying on the whole court decision of *Moccia v. State*, 174 Ga. App. 764 (331 SE2d 99). Such reliance is misplaced, for *Moccia* was decided before the enactment of Ga. L. 1986, p. 484, which struck former OCGA § 16-10-24 in its entirety and replaced it with existing OCGA § 16-10-24. *Duke v. State*, 205 Ga. App. 689 (423 SE2d 427). As currently enacted, "the offense of misdemeanor obstruction under existing OCGA § 16-10-24 (a) no longer contains the element of 'violence' as does the offense of felony obstruction under existing OCGA § 16-10-24 (b)." (Citations and punctuation omitted.) *Duke v. State*, 205 Ga. App. 689, supra. It follows that defendant's contention in the case sub judice that evidence of his refusal to obey the lawful command of Special Agent Fountain is insufficient to support his conviction for misdemeanor obstruction, because no violence was offered or done, is erroneous. The question whether defendant's refusal to obey that lawful command as officers attempted to secure the crowded area "had the effect of hindering or obstructing the officers . . . was for the trior of fact to decide. *Sapp v. State*, 179 Ga. App. 614, 615 (1) (347 SE2d 354) (1986). . . . 'Therefore, applying the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we find the evidence sufficient to authorize a rational trier of fact to find [defendant] guilty beyond a reasonable doubt of the offense of [misdemeanor] obstruction of an officer.' *Bailey v. State*, [190 Ga. App. 683, 684 (379 SE2d 816)]." *Duke v. State*, 205 Ga. App. 689, 690, supra.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 1, 1995.

*James F. Council, Jr.*, for appellant.
*Richard W. Shelton, Solicitor, William W. Broadfoot III, Assistant Solicitor*, for appellee.