## A96A1363. WEIDMANN v. THE STATE.
(476 SE2d 18)

BIRDSONG, Presiding Judge.

Dawn Ellen Weidmann appeals her conviction of one count of DUI and two counts of obstruction of a police officer. She enumerates three errors. *Held*:

1. Appellant contends the trial court erred in denying her motion in limine as to venue. The trial court held: "Defendant argues that Douglas County is the proper venue for the charges against her . . . because that is where she was stopped and that is where the obstruction charges originated. At trial, venue is a jurisdictional fact which the State has the burden of proving beyond a reasonable doubt. *Dempsey v. State*, 52 Ga. App. 35 [(182 SE 56)]. Although the obstruction charge arose in Douglas County, 'if a crime is committed on, or immediately adjacent to, the boundary line between two counties, the crime shall be considered as having been committed in either county.' See OCGA § 17-2-2 (b). Whether the obstruction charges occurred 'adjacent to' Cobb County must be decided by the trier of fact." Appellant has not enumerated any charging error as to venue; accordingly, such contention has not been preserved for appeal. See *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649).

"Venue is a question to be decided by the jury and its decision will not be set aside as long as there is any evidence to support it"; further, both circumstantial and direct evidence may be used to establish venue. *Jones v. State*, 245 Ga. 592, 596 (2) (266 SE2d 201). Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which she was found guilty (*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)) and that the offenses occurred in Cobb County as averred in the indictment (OCGA § 17-2-2 (a); compare *Pippins v. State*, 204 Ga. App. 318 (419 SE2d 28)). In view of this we need not determine whether venue also existed under the provisions of OCGA § 17-2-2 (b). The ruling of the trial court denying the motion in limine as to venue was correct. We will not reverse the correct ruling of a trial court regardless of the reason, if any, given therefor. *Ely v. State*, 192 Ga. App. 203, 205 (4) (384 SE2d 268).

2. Appellant contends the trial court erred in denying her motion for directed verdict as to Counts 4 and 6 of obstruction of police officers Atwood and Saxton. " ' "A directed verdict of acquittal in a criminal case is authorized only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or not guilty." ' " (Citation omitted.) *Torrance v. State*, 217 Ga. App. 562, 563 (2) (458 SE2d 495). The standard of reviewing the denial of a motion

for directed verdict of acquittal is stated in *Jackson v. Virginia*, supra. *Torrance*, supra.

OCGA § 16-10-24 (a) provides: "Except as otherwise provided in subsection (b) [which pertains to felony obstruction] of this Code section, a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." The essential elements of this misdemeanor offense are that the act constituting obstruction or hindering must be knowing and wilful, and that the officer must be lawfully discharging his official duties at the time of such act. *Cline v. State*, 221 Ga. App. 175 (471 SE2d 24). The offense of misdemeanor obstruction, under OCGA § 16-10-24 (a), no longer contains the element of violence. Id.; *Duke v. State*, 205 Ga. App. 689 (423 SE2d 427) (whole court); accord *Imperial v. State*, 218 Ga. App. 440, 441 (461 SE2d 596). " '(T)he statute was made purposefully broad to cover actions which might not be otherwise unlawful, but which obstructed or hindered law enforcement officers in carrying out their duties.' " (Citation omitted.) *Carter v. State*, 188 Ga. App. 464, 465 (2) (373 SE2d 277). To the extent that any other cases by this Court "stand for the proposition that a conviction for *misdemeanor* obstruction under *existing* OCGA § 16-10-24 *(a)* requires evidence that *violence* was offered or done, they are erroneous" and have been overruled since 1992. (Emphasis in original.) *Duke*, supra at 690. Thus, extreme caution must be exercised in applying the broad proposition that misdemeanor obstruction still requires evidence of *forcible* resistance or opposition. See, e.g., *Norman v. State*, 214 Ga. App. 408, 409 (448 SE2d 219); *O'Neal v. State*, 211 Ga. App. 741 (440 SE2d 513). To consummate an offense of misdemeanor obstruction, some form of knowing and wilful opposition to the officer sufficient to constitute obstruction or hinderance is required, but actual violence or threat thereof is not. Compare OCGA § 16-10-24 (a); *Duke*, supra; and *Cline*, supra. Thus, for example, flight from police apprehension has been held to constitute sufficient opposition to support an obstruction charge. *O'Neal*, supra, citing *Cason v. State*, 197 Ga. App. 308 (398 SE2d 292), overruled on other grounds. Likewise, lying to a police officer with intent to misdirect him in the performance of his official duties can constitute a hinderance within the meaning of OCGA § 16-10-24 (a). *Duke*, supra at 690. Whether the evidence in a particular case establishes that the actions taken hindered or obstructed the officer making the arrest is for the trier of fact to decide. *Norman*, supra.

Officer Atwood observed appellant driving erratically in Cobb County and pursued her into Douglas County; he stopped appellant as soon as it was safe to do so. When arresting Officer Atwood attempted to handcuff appellant following her lawful arrest for DUI,

she became abusive, cursing and screaming that the officer was hurting her. An officer from Douglas County was present on the scene and attempted to calm appellant down by talking to her. Appellant continued to resist being placed into the patrol car and kicked Atwood in the groin. At this point Atwood considered the situation to have escalated as he had been assaulted; he forced appellant to the ground and held her there while he called for a supervisor to come to the scene. Appellant continued to holler, kick, and scream while on the ground. Officer Price arrived on the scene, and the two officers struggled to hobble appellant and place her into the patrol car. Appellant, however, got out of the hobble and apparently attempted to exit the patrol car by crawling into the front seat. In the process appellant activated the vehicle's air horn. Officer Atwood's supervisor, Sergeant Hubbard, arrived on the scene; he helped Atwood re-secure appellant. Sergeant Hubbard directed Atwood to transport appellant to the women's facility in Cobb County and told Officer Saxton who was now at the scene to follow Atwood's patrol car. Appellant was still screaming and hollering in the back of the patrol car.

After the patrol car re-entered Cobb County en route to the women's facility, appellant got to her knees in the back seat and began to bang the rear door window with her head. Atwood radioed Saxton and told him they were going to have to stop because of appellant's conduct, but then appellant laid down, so Atwood told Saxton to disregard the transmission. "After [Atwood] said that, [appellant] got back up and started banging her head again." Atwood pulled over and advised on the radio he was stopping because appellant was banging her head on the window. Appellant immediately laid down again, but Atwood and Saxton secured her with another hobble so she could not hurt herself or tear up the car. " 'Under that evidence, the jury was authorized to infer that (appellant) knew that [at least two police officers were] attempting to perform [their] official duty [of transporting appellant to a women's facility], and to find that (appellant) deliberately took action to delay, hamper or impede the officer[s] in the performance of [their] duty.' " (Citation omitted.) *Sanders v. State*, 204 Ga. App. 545, 547 (1) (b) (419 SE2d 759).

" 'It is not necessary for the State to prove the underlying offense that causes the officers to act; it is only necessary to prove the [applicable] elements of the obstruction statute.' " *Mapp v. State*, 204 Ga. App. 647, 650 (6) (420 SE2d 615). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the two offenses of misdemeanor obstruction of which she was found guilty. *Jackson v. Virginia*, supra. The trial court did not err in denying appellant's motions for directed verdict of acquittal of misdemeanor obstruction, Counts 4 and 6. Compare *Sapp v. State*, 179 Ga. App.

614 (1) (347 SE2d 354); see also *Imperial*, supra.
*Judgment affirmed. Blackburn, J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I concur fully in Division 2. With respect to Division 1, I concur in the conclusion that the trial court did not err. There is ample evidence that Weidmann drove her vehicle while under the influence of alcohol both in Cobb County and in Douglas County, so this crime was encompassed within the venue description provided in OCGA § 17-2-2 (a). It could have been tried in either county.[1]

The same is true with respect to the charges that Weidmann knowingly and wilfully obstructed and hindered both officers. Although she did not engage in such behavior while in Cobb County initially, when Officer Atwood noticed her erratic driving and followed her into Douglas County without her knowing that he was about to stop her, her criminal reactions to the stop and arrest in Douglas County continued in the police car on the way to the police station, while in Cobb County. These acts, too, if separated into those which occurred in Douglas and those which occurred in Cobb, could have been prosecuted in either county.

This is simply not a situation where a crime is committed in one county and defendant is brought to another county for prosecution.

DECIDED AUGUST 29, 1996 —<br>RECONSIDERATION DENIED SEPTEMBER 18, 1996.

*The Roberts Law Firm, John A. Roberts, James A. Dooley, Alan I. Begner*, for appellant.

*Benjamin F. Smith, Jr., Solicitor, Barry E. Morgan, Rebecca A. Hulsey, Assistant Solicitors*, for appellee.

---

[1] The trial court charged the jury: "As to Courts . . . charging the defendant with obstruction of officers Atwood and Saxton, you may not consider any of the actions of the Defendant that occurred at the scene of the arrest as it was in Douglas County and beyond the jurisdiction of this Court. You may, however, consider all of the actions of the Defendant and the officers whether in Cobb County or Douglas County as they may relate to your determination of the guilt or innocence of the accused in . . . the driving under the influence charge."