A99A0542. ADAMSON v. THE STATE.
A99A0543. WATSON v. THE STATE.
(516 SE2d 310)

BARNES, Judge.

Suzanna Adamson and Letitia Watson were tried jointly and convicted of shoplifting. They appeal the convictions, contending that they purchased the items that were removed from the store and dispute in each of their enumerations the sufficiency of the evidence. We affirm.

Construed to support the verdict, the evidence showed that Adamson and Watson came into a Valdosta K-Mart together and shopped with each other for a couple of hours. K-Mart's loss control manager, Clarence Miller, monitored the two women on the security cameras because the night was slow and the security team wanted to practice using the in-store surveillance equipment. Miller testified that Adamson's purse was flat when she first entered the store, then became "very puffy as if it was full" while she was shopping. When the women went to a section of the store hidden from the cameras, Miller walked over to physically survey their activities. Through a hole cut in a display case, he saw Adamson conceal merchandise in her purse and saw Watson "standing and walking backwards and forth in front of her trying to shield her there."

Miller radioed the control room regarding his observation, then asked a cashier to wait with him outside until the two women left the store. When they walked out, he asked them to come back inside with him. After reentering the store, Adamson resisted, but Miller grabbed her arm and escorted her to the office area, where Watson accompanied her. Adamson declined to empty her purse for the K-Mart employees and refused to take her hands out of her purse. As a

result, the employees handcuffed her after a struggle and waited for the police.

A police officer arrived and asked Adamson to show them what was in her purse. She dumped the contents out onto a table, and the officer watched the store employees inventory the unpaid K-Mart merchandise. The sales tickets, which the store employees scanned with a portable bar code reader, totaled $128, excluding the items that were paid for. Adamson was then arrested. Watson was not arrested at that time because K-Mart's policy was to prosecute only people who had stolen merchandise in their possession, but not accomplices. Watson was later indicted as a co-defendant.

1. We find the evidence sufficient for a rational trier of fact to find Adamson guilty of the charges beyond a reasonable doubt, and to find that she did not purchase all the items with which she left the store. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Watson argues that no evidence shows she was a party to the crime. While mere presence at the scene of a crime is not enough evidence to sustain a conviction, presence, companionship, and conduct surrounding the events are circumstances from which criminal intent can be inferred. *Carter v. State*, 188 Ga. App. 464 (1) (373 SE2d 277) (1988). Further, when transactions involve relatives, slight circumstances can support the inference that the parties colluded. *Carter*, supra at 465. Here, Watson and Adamson, who were sisters, entered the store together, shopped together, and checked out together. The loss control manager testified that he saw Watson trying to shield Adamson from view while Adamson was stuffing merchandise into her purse. The evidence, though slight, was sufficient to sustain Watson's conviction.

*Judgment affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 5, 1999 —
RECONSIDERATION DENIED MAY 14, 1999.

*Smith, Hannan & Parker, Bradley M. Hannan*, for appellants.
*J. David Miller, District Attorney, Jennifer A. Thomas, Assistant District Attorney*, for appellee.