A99A2248. BUTLER v. THE STATE.
A99A2249. RIDLEY v. THE STATE.
(524 SE2d 251)

MCMURRAY, Presiding Judge.

Defendants Anthony Dewayne Butler and Dean Ray Ridley were jointly tried before a jury and found guilty of three counts of theft by shoplifting. Their separate appeals challenge only the sufficiency of the evidence, and so are consolidated for disposition in a single opinion. Viewed in the light most favorable to the jury's verdicts, the evidence adduced at trial showed the following:

The Belk's department store security video clearly shows that defendant Butler knelt next to his wife, Vivian Butler, and helped conceal her from view as she surreptitiously placed two pair of blue jeans in a large shoulder bag. Defendant then acted as lookout as Vivian Butler went into the dressing room. When she came out, they returned some but not all of the merchandise they had examined. As the pair left together, they were stopped by store security. Defendant Butler gave consent to search his vehicle, where police found additional items of clothing and boots taken from Spiegel's and Belk's, with the price tags still attached. Also found were two Izod sweaters with the price tags removed. On the front seat of the vehicle was a blue notebook with numerous pawn receipts for items that are commonly stolen, such as scanners and camcorders. The notebook also contained several pages of what appeared to be a shoplifter's list, with specific items requested placed by initials. The receipts showed that each defendant had pawned items. In a custodial statement,

defendant Butler admitted accompanying his wife to the Spiegel outlet store, standing next to her while she knelt down after taking items off the women's clothing rack, and that, when they got back to their car, Vivian Butler had all the items from Spiegel's. The Spiegel's outlet store in Dalton is the only Spiegel's in Georgia. Because the bar codes had been removed from the Izod sweaters, they could not be conclusively identified as the inventory of the Izod outlet in Dalton, but Kenneth Wade testified that the particular sweaters found in the Butler vehicle were not typically sold in department stores but "mainly in the outlet stores." The next closest Izod outlet store is 23 miles away, in Calhoun.

Defendant Ridley was not present with Butler and his wife but was located by mall security and brought to the car. He gave a custodial statement, admitting he went into the Izod store where he put on several Izod sweaters and walked out of the store without paying for them. Then he went into Belk's and put on two denim jackets, ultimately recovered from the Butlers' car, and walked out without paying for those items. Defendant Ridley further admitted that he and Vivian Butler "had been working together . . . taking orders from other people . . . who would request a specific item." "They would then go out and shoplift or fill this order . . . receiv[ing] fifty percent (50%) of whatever the [price] tag on the item was." *Held*:

"A person who intentionally aids and abets in the commission of shoplifting is a party thereto and may be convicted of shoplifting. OCGA § 16-2-20." *Brown v. State*, 228 Ga. App. 281, 282 (1) (491 SE2d 488). As to defendant Butler, evidence that he concealed the shoplifting activities of his wife Vivian Butler (who organized shoplifting to order) and acted as her lookout is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) to authorize the jury's verdicts that he is guilty, beyond a reasonable doubt, as a party to the crimes of shoplifting alleged in Counts 1, 2, and 3 of the accusation. *Adamson v. State*, 238 Ga. App. 105, 106 (2) (516 SE2d 310). Accord *Tanner v. State*, 230 Ga. App. 77 (1) (495 SE2d 315). Defendant Ridley's incriminating statement that he took the Izod sweaters and denim jackets without paying for them is corroborated by the physical evidence in the car, the notebook he described detailing the shoplifting-to-order conspiracy, and by his presence with the Butlers at the outlet mall. This evidence of an active, ongoing conspiracy to commit shoplifting is sufficient under the standard of *Jackson v. Virginia*, supra, to authorize the jury's verdicts that Ridley is guilty, beyond a reasonable doubt, as a party to the shoplifting alleged in Counts 1, 2, and 3 of the accusation. *Cantrell v. State*, 150 Ga. App. 259, 260 (257 SE2d 351).

*Judgments affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 28, 1999.

*Michael A. Corbin*, for appellants.

*Kermit N. McManus, District Attorney, Herbert M. Poston, Jr., Assistant District Attorney*, for appellee.