### A02A0392. GLENN et al. v. THE STATE.
(559 SE2d 86)

</div>

PHIPPS, Judge.

Katherine Glenn and her daughter Charity Glenn were convicted of committing an aggravated assault upon Amylia Vaughn with a knife. Additionally, Charity Glenn was convicted of committing a simple battery on Vaughn by hitting her, and Katherine Glenn

---

was convicted of making terroristic threats by threatening Vedrin Glenn with a knife. In this appeal, the Glenns complain of the trial court's refusal to instruct the jury on self-defense. Finding no evidence to support that defense, we affirm.

Constance Glenn, another of Katherine Glenn's daughters, fought with one of Vaughn's friends over Vaughn's boyfriend. Afterward, Katherine and Charity Glenn drove to the school to confront Vaughn. According to Vaughn and another witness, Charity Glenn started a fight by making certain threatening verbal comments and then getting out of the car and hitting Vaughn. Vaughn and the other witness testified that during the fight, Charity Glenn pulled a knife and began swinging it at Vaughn, causing her to flee. Vaughn and two other witnesses gave testimony to the effect that, during the fracas, Katherine Glenn obtained the knife and threatened bystander Vedrin Glenn with it after he grabbed her hand in an attempt to disarm her. According to one witness, Vedrin Glenn had pretended that he was going to retrieve a weapon before grabbing Katherine Glenn. There was, however, no evidence that Vedrin Glenn possessed a weapon at the time of his confrontation with Katherine Glenn or that she thought he had a weapon.

Two defense witnesses testified about the altercation between Vaughn and the Glenns. Both testified that the fight between Vaughn and Charity Glenn began after Vaughn "offered some words" or "said some cuss words," and that Charity Glenn picked up the knife after it fell out of Vaughn's purse. Neither defense witness provided any additional details concerning the fight.

The Glenns asked the trial court to charge the jury, in accordance with OCGA § 16-3-21 (a), that "a person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself against such other's imminent use of unlawful force." Because no one testified to any attempt by Vaughn or Vedrin Glenn to harm Katherine or Charity Glenn at the time in question, or to any verbal threats to do physical harm to them, there was no evidence of any "imminent use of unlawful force" by either victim. Therefore, the court did not err in refusing to give the jury the requested instruction on self-defense.[1]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

---

[1] Compare *Jones v. State*, 220 Ga. App. 784 (470 SE2d 326) (1996) (where defendant testified that he shot at alleged victims because they were shooting at him, trial court erred in refusing to charge the jury on self-defense); *Harrell v. State*, 205 Ga. App. 378 (1) (422 SE2d 71) (1992) (defense of self-defense raised where defendant testified that he pushed alleged victim because she was about to hit him); *Facison v. State*, 152 Ga. App. 645 (263 SE2d 523) (1979) (defense of self-defense raised where alleged victim threatened defendant with physical harm and reached into his pocket as though he were getting a gun).

DECIDED JANUARY 16, 2002.

*Dennis T. Blackmon*, for appellants.

*Peter J. Skandalakis, District Attorney, Tara M. Wilson, Assistant District Attorney*, for appellee.