## A96A0293. CLINE v. THE STATE.
### (471 SE2d 24)

Judge Harold R. Banke.

Jesse Max Cline was convicted of two counts of simple battery and one count of misdemeanor obstruction of an officer. He appeals only the misdemeanor obstruction conviction.

On appeal, the evidence must be viewed in the light most favorable to the verdict, and Cline no longer enjoys the presumption of innocence. *Rigenstrup v. State*, 197 Ga. App. 176, 181 (4) (398 SE2d 25) (1990). Viewed in that light, the State's evidence was as follows: After police were unable to execute an arrest warrant lodged against Cline for domestic violence, they returned the following morning to arrest him. As Deputies Michael Shinall and Mike Pressley entered Cline's mobile home park, Cline said, "Here they are," then fled and attempted to conceal himself in a patch of kudzu located down a steep embankment near his trailer. When the officers approached Cline's hiding place, Shinall lost his footing, fell down the kudzu-covered embankment and Cline struck him in the face as he landed. Both officers testified that while they were attempting to arrest Cline a brief struggle ensued.

A witness testified that Cline ran because he knew the police were looking for him due to the problems he had with the victim the previous night. Cline admitted that after he observed the police, he jumped into some weeds and lay on a stump. Cline further testified that he was hiding to avoid being arrested.

Cline's sole enumeration of error is that the trial court erred in allowing the jury's verdict to stand as to misdemeanor obstruction of an officer because the police never ordered him to halt. He contends that there was nothing inherently wrong with his leaving the scene immediately prior to the arrival of the police. *Held*:

The essential elements of OCGA § 16-10-24 (a) obstructing or hindering law enforcement officers are: that the act constituting obstruction or hindering was knowing and wilful and that the officer was lawfully discharging his official duties. *Whaley v. State*, 175 Ga. App. 493, 494 (333 SE2d 691) (1985). Misdemeanor obstruction or hindering does not require evidence of violence to the person of an officer. *Duke v. State*, 205 Ga. App. 689, 690 (423 SE2d 427) (1992).

In this case, Cline knew that the officers had come to effectuate

his arrest and he was attempting to elude them. By Cline's own admission, his conduct in fleeing and concealing himself was deliberate and intentional because he wanted to avoid going to jail. By his flight and effort to evade arrest, Cline hampered and delayed the police in the lawful execution of their duty. See *Tankersley v. State*, 155 Ga. App. 917, 919 (4) (273 SE2d 862) (1980). We find the evidence was sufficient for a rational trier of fact to find all the essential elements of the crime of misdemeanor hindering of an officer. OCGA § 16-10-24 (a); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, the trial court did not err.

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED APRIL 18, 1996.

Kelley A. Dial, for appellant.

T. Joseph Campbell, District Attorney, Lance T. McCoy, Assistant District Attorney, for appellee.