A03A1724. GIBSON v. THE STATE.
(593 SE2d 861)

SMITH, Chief Judge.

William Gibson was charged by accusation with DUI (OCGA § 40-6-391 (a)) and fleeing or attempting to elude a police officer (OCGA § 40-6-395 (a)). A jury found him guilty of fleeing but acquitted him of the DUI charge. His amended motion for new trial was denied, and he appeals. In his sole enumeration of error, he contends that the trial court erred in refusing to give his requested charge on obstruction of an officer, OCGA § 16-10-24, as a lesser included charge of fleeing or attempting to elude. We agree with Gibson that the charge should have been given, and we reverse his conviction.

The evidence presented at trial showed that Gibson and his wife had been sick with colds or flu. Gibson, a long haul truck driver, had been to North Carolina and South Carolina. When he reached the Greenville, South Carolina area, he stopped his truck and slept. He awoke at about 2:30 p.m. and continued home, arriving at about 4:00 p.m. He then went to sleep again, this time waking up at about 10:30 or 11:00 p.m. He finished the last of the cold medicine in the house and returned to bed, waking his wife. Because his wife needed some of the medication, Gibson got into their pickup truck and drove to the local supermarket to buy some. He made the purchase and was on

his way home when he was stopped at a license and insurance check roadblock.

The evidence was in conflict as to what occurred after Gibson was stopped, with Gibson's testimony differing sharply from that of the arresting officer. But that is immaterial to resolution of this appeal; we need only determine whether some evidence supported a charge on obstruction. If so, Gibson's requested charge should have been given. For the purpose of this appeal, therefore, we need only consider Gibson's version of events.

According to Gibson, when the officer asked him for his driver's license, he informed the officer that he had left it in his work truck. He explained that because he had forgotten his wallet several times when leaving for long trips, he now always left the license in a pouch in that truck. The officer radioed the dispatcher with the information Gibson gave him and took Gibson's insurance card. The officer then leaned into the truck and asked Gibson if he had been drinking. When Gibson told him he had not, the officer requested that Gibson take an alco-sensor test. Gibson complied, and the officer then told him he was under arrest for DUI.

Gibson testified that the officer then instructed him to pull his pickup truck over to the side of the road and park it. When told he would be going to jail, Gibson told the officer that the pickup truck was his family's only vehicle, and he requested that the officer follow him home, which was very close by, so that he could avoid having the truck impounded. He informed the officer that his home was "a block down the road." The officer refused. Gibson asked if he could call his wife so she could walk to the roadblock site and drive the truck home, and the officer again refused. After pleading with the officer to no avail, Gibson finally said: "I'm going to take my truck home, follow me," and he did just that.

Gibson testified that the officer knew where he lived, because he had received that information over the radio, was also holding Gibson's insurance card and registration, and had been told by Gibson where he lived. Gibson drove straight home at a normal speed and parked the truck in the driveway in its usual parking spot. The officer followed him. Along the way, when Gibson observed the officer's lights behind him, he "waved . . . out the window that motion, you know, I know I'm not doing anything."

The officer pulled up behind Gibson, flung open the truck's door, "jerked" him out of the truck, and "slammed" him to the ground. After cuffing one hand, the officer began "kidney-punching" Gibson, trying to get Gibson's other hand, which was underneath him. At the same time, another officer pushed Gibson's face to the ground by stepping on his head. When Gibson protested that he was not trying to fight them or escape, they let him stand up. Gibson was trans-

ported to the jail and had one last conversation with the arresting officer. The officer told him he was "lucky I didn't pop you when you pulled away like that." When Gibson inquired what the officer meant, the officer replied that he was going to shoot him, and "the only reason I didn't is because I knew you were going to your house." Gibson testified that it "never crossed my mind" to run from the officer.

With that evidence in mind, we turn now to the question of whether, under the facts presented here, the crime of obstructing an officer is included in the crime of fleeing or attempting to elude an officer. OCGA § 40-6-395 (a), the statute under which Gibson was charged, provides, in pertinent part, that "[i]t shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop." Violation of OCGA § 40-6-395 (a) is a "high and aggravated misdemeanor." OCGA § 40-6-395 (b) (1). The statute defining obstructing or hindering law enforcement officers, OCGA § 16-10-24 (a), provides that "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor."

Under OCGA § 16-1-6 (2), a crime is included as a matter of law if it "differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." If a crime "is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged," it is included as a matter of fact. OCGA § 16-1-6 (1). See *Messick v. State*, 209 Ga. App. 459, 460 (1) (433 SE2d 595) (1993).

The State insists that obstruction is not an included offense of fleeing or attempting to elude in either manner. Gibson contends it is included at least as a matter of fact. Because we agree with this contention, we need not consider whether it is included as a matter of law.

We have construed OCGA § 16-1-6 (1)

> to mean that even if a lesser offense is not included in a charged offense as a general matter because the two offenses have different elements, the lesser offense may be an included offense in a particular case if the facts alleged in the indictment and the evidence presented at trial to establish the charged offense are sufficient to establish the lesser offense as well.

*Messick*, supra, 209 Ga. App. at 460 (1). "[W]hether a lesser offense is included in a greater offense as a matter of fact must be determined

on a case-by-case basis, depending upon the facts alleged in the indictment and the evidence presented at trial." (Citation omitted.) *Hildreth v. State*, 256 Ga. App. 832, 836 (4) (570 SE2d 49) (2002). It

> is an elementary principle of criminal procedure that no person can be convicted of any offense not charged in the indictment. Due process of law requires that the indictment put the defendant on notice of the crimes with which he is charged and against which he must defend. In order for a conviction of a lesser crime to be warranted, the greater must either necessarily include within itself all of the essential ingredients of the lesser, or, if not necessarily included, but may or may not be involved according to the circumstances of the particular case, the indictment must itself, in describing the manner in which the higher offense was committed, contain all of the averments necessary to constitute the lower.

(Punctuation, footnotes and emphasis omitted.) *Heggs v. State*, 246 Ga. App. 354, 355 (1) (540 SE2d 643) (2000).

Here, the indictment alleges that Gibson was fleeing or attempting to elude, in that he "did willfully attempt to elude a pursuing police vehicle, after having been given an audible and a visual signal to bring his vehicle to a stop by an officer, to wit: when asked to put the truck in neutral, defendant [sped] off."

Gibson argues that the indictment's allegations are sufficient also to satisfy the elements of the offense of obstruction in this case, because willful disobedience of the officer's order "obstructed" or "hindered" the officer from arresting him immediately, and his testimony provided evidence that he willfully disobeyed an order from the arresting officer.[1] Contrary to the State's argument, we can discern no material distinction between "willfully" disobeying an order and disobeying it *"knowingly* and willfully," at least under these facts. "Willful" is defined as "[b]eing in accordance with one's will; *deliberate."* (Emphasis supplied.) American Heritage Dictionary 1382 (2nd college ed. 1991). One meaning of "knowing" is also "[d]eliberate." Id. at 705. Gibson's act of driving away in his truck was certainly an act of will. And Gibson readily admitted that he knew when he deliberately drove off that he was disobeying the officer's lawful order to park his truck at the side of the road. His conduct was both knowing and willful.

This court has held several times that flight from police appre-

---

[1] We note, however, that the order that Gibson testified he disregarded was different from the one specified in the indictment.

hension is sufficient opposition to support an obstruction charge. *Weidmann v. State*, 222 Ga. App. 796, 797 (2) (476 SE2d 18) (1996) (full concurrence as to Division 2). See, e.g., *O'Neal v. State*, 211 Ga. App. 741, 743 (2) (440 SE2d 513) (1994). "Whether the defendant's actions actually hindered or impeded officers is a decision for the jury. [Cit.]" Id.

A "written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990). "Where a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense." *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994). Because Gibson's testimony provided evidence satisfying the required elements of the offense of obstruction, the trial court erred in refusing to give the requested charge on obstruction as a lesser included offense.

A harmless error test is applicable in such cases. *Lumpkin v. State*, 245 Ga. App. 627, 629 (538 SE2d 514) (2000). But in this case, the evidence supporting the greater charge was in conflict. Given the conflicting evidence and Gibson's strenuous denial that he fled, had the charge on obstruction been given, it is possible that the jury may have found Gibson guilty of that charge rather than the charge of fleeing or attempting to elude a police officer. We cannot say that it is highly probable that failure to give the requested charge on misdemeanor obstruction did not contribute to the verdict, and Gibson is therefore entitled to a new trial.

*Judgment reversed. Ruffin, P. J., and Miller, J., concur.*

DECIDED JANUARY 28, 2004.

*Scott P. Semrau*, for appellant.
*David McDade, District Attorney, Brian K. Fortner, Assistant District Attorney*, for appellee.

