## A09A0994. CONNELLY v. THE STATE.
(679 SE2d 790)

PHIPPS, Judge.

Scott Connelly was convicted of giving a false name to a law enforcement officer and obstruction of a law enforcement officer. In this appeal, he challenges the sufficiency of the evidence to support the latter conviction. Finding merit in the challenge, we reverse.

Connelly and Grady Williams were jointly charged with armed robbery and other offenses arising from Williams's robbery at a BP food mart on the evening of December 3, 2005. An eyewitness to the crime told City of Rincon police that the robber had fled into an adjacent wooded area that led to a mobile home park. A uniformed Effingham County sheriff's deputy was dispatched to the mobile home park and stopped a car being driven out of the park. Connelly was driving the car and Williams was the passenger. Connelly identified himself to the deputy as Scott Collins. The deputy's attention was focused, however, on Williams, because he was breathing heavily and fit the description of the robber. Consequently, the deputy asked Williams to exit the car. After doing so, Williams fled. The deputy chased Williams a short distance from the scene of the traffic stop and apprehended him.

Connelly took the stand and denied any knowledge of Williams's

---

[2] *Pearson v. State*, 278 Ga. 490, 493 (4) (604 SE2d 180) (2004) (citation omitted).

commission of the armed robbery. Connelly testified that when the deputy asked his name, he identified himself as Scott "Collins" rather than Scott "Connelly" because he often gets the two names confused. Connelly further testified that after the deputy departed the scene, he drove away because he had not been instructed to do otherwise. On cross-examination, the deputy acknowledged that Connelly had complied with his request that he stop the car, that Connelly had been cooperative during the encounter, and that he had not instructed Connelly to remain on the scene.

Connelly was convicted of giving a false name to the deputy in violation of OCGA § 16-10-25, and of obstruction of the deputy in violation of OCGA § 16-10-24 (a) for having driven away from the scene without permission while the deputy was chasing Williams. Although Connelly was charged as a party to the armed robbery, the jury acquitted him of that offense.

"Under OCGA § 16-10-24 (a), 'a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor.' "[1] The defendant in Golden v. State[2] was convicted of misdemeanor obstruction of an officer based on her refusal to comply with a uniformed police officer's repeated commands to open her car door, exit the car, and give the officer her driver's license and proof of insurance.

In Sharp v. State,[3] the defendant was convicted of misdemeanor obstruction of an officer for having run to avoid an encounter with conservation rangers after they saw him hunting illegally. There we recognized that "[t]o consummate an offense of misdemeanor obstruction, some form of knowing and wilful opposition to the officer sufficient to constitute obstruction or hinderance [sic] is required" and that "flight from police apprehension has been held to constitute sufficient opposition to support an obstruction charge."[4] In Gibson v. State,[5] we invoked the holding concerning flight from police apprehension in finding that the defendant's act of driving away in his truck in disobedience of a police officer's lawful order that he park the truck at the side of the road satisfied the elements of misdemeanor obstruction.[6] In Cline v. State,[7] we found the evidence sufficient to support a conviction of misdemeanor obstruction or

[1] Golden v. State, 276 Ga. App. 538, 541 (1) (623 SE2d 727) (2005).

[2] Id. at 542.

[3] 275 Ga. App. 487 (621 SE2d 508) (2005).

[4] Id. at 489 (1) (citation and punctuation omitted).

[5] 265 Ga. App. 325 (593 SE2d 861) (2004).

[6] Id. at 328.

[7] 221 Ga. App. 175 (471 SE2d 24) (1996).

hindering where a person who had been charged with domestic violence saw police officers enter a mobile home park and attempted to conceal himself in an area near his trailer to avoid being arrested. In that case, the defendant knew that the officers had come to arrest him, and he admitted that he had fled and attempted to conceal himself because he did not want to go to jail.

In *Williams v. State*,[8] however, we reversed the defendant's conviction of obstructing a law enforcement officer, where the defendant had stopped his vehicle and fled the scene after an officer in a marked patrol vehicle had begun following him. We recognized that flight from a police officer can constitute obstruction, but found the evidence insufficient there, because the officer had never activated his emergency lights or siren, or attempted to stop the defendant, or ordered him to stop once he began running.

This case is more akin to *Williams* than to *Golden*, *Sharp*, *Gibson*, or *Cline*. Like the situation in *Williams*, but unlike the situation in *Golden* or *Gibson*, Connelly did not violate any order or command of the officer. To the contrary, he complied with the officer's order to stop his vehicle. And although he did not have a right to flee that encounter,[9] he did not drive away until after the encounter apparently had ended. Connelly's conviction of obstruction cannot be upheld on the ground that he fled the scene to avoid being arrested for the armed robbery, because he was never made aware that he was going to be arrested for the armed robbery and was, in fact, acquitted of that offense. *Sharp* and *Cline* are thus distinguishable.

*Judgment reversed. Smith, P. J., concurs. Bernes, J., concurs in the judgment only.*

DECIDED JUNE 4, 2009.

*Mullis & Oliver, Tracy J. Mullis*, for appellant.

*Richard A. Mallard, District Attorney, Michael T. Muldrew, Assistant District Attorney*, for appellee.

---

[8] 285 Ga. App. 190 (1) (645 SE2d 676) (2007).
[9] See *State v. Stafford*, 288 Ga. App. 309, 315 (2) (653 SE2d 750) (2007).