## A10A1601. CROWDER v. THE STATE.
### (700 SE2d 642)

MILLER, Chief Judge.

A Whitfield County jury found Antonio Maurice Crowder guilty of aggravated assault (OCGA § 16-5-21 (a) (2)). On appeal from his judgment of conviction and the denial of his motion for new trial, Crowder claims that the trial court erred in refusing to admit into evidence the victim's 1993 conviction for violation of the Georgia Controlled Substances Act (VGCSA). We disagree and affirm because the trial court did not abuse its discretion in excluding the conviction.

"Admission of evidence is a matter committed to the sound discretion of the trial court, and the trial court's evidentiary decisions will not be disturbed on appeal absent an abuse of discretion." (Citation and punctuation omitted.) *Bozzuto v. State*, 276 Ga. App. 614, 618 (2) (624 SE2d 166) (2005).

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the record shows that Crowder and the victim were former boyfriends of Shiron Edwards. According to Edwards, Crowder came to her home on the evening of April 13, 2006. Crowder grabbed Edwards' phone and saw a text message to her from the victim. According to Edwards, the message was "nasty." Crowder telephoned the victim in a rage.

The victim and Edwards had broken up several years earlier but the victim maintained a close relationship with Edwards' children, who he saw almost every day. According to the victim, Crowder telephoned him "yelling and hollering," and the only thing he could understand was a reference to Edwards' children. The victim thought something was wrong with the children, so he asked his girlfriend to take him to Edwards' residence.

After the victim arrived at the apartment complex where Edwards lived, Crowder ran up to the victim and "went to swinging." Crowder cut the victim numerous times with a razor blade causing injuries that required 45 to 50 stitches and staples. Crowder was indicted for aggravated assault in connection with the incident.

On November 14, 2006, the morning of the trial, Crowder filed a written notice pursuant to OCGA § 24-9-84.1 stating that he intended to introduce the victim's May 28, 1993 VGCSA felony conviction and that he had served the assistant district attorney with a copy of the notice. Crowder's attorney explained to the trial court

that he had filed a written notice because the conviction was more than ten years old. After the victim testified, Crowder sought to introduce the victim's prior conviction for purposes of impeachment. The State objected that the submission was not admissible under OCGA § 24-9-84.1 (b). The trial court sustained the objection on the ground that Crowder had not given sufficient notice to the State.

1. Crowder argues that the victim's prior conviction was not more than ten years old for purposes of OCGA § 24-9-84.1 and therefore he did not have to provide advance written notice to the State of his intent to introduce the conviction to impeach the victim. Crowder has waived this issue for purposes of appeal.

OCGA § 24-9-84.1 (b) provides for a "time limit" to the general rule of OCGA § 24-9-84.1 (a), which addresses the admission of a prior conviction for purposes of attacking a witness's credibility, or the credibility of the defendant, if the defendant testifies. Evidence of a conviction "is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness or the defendant from the confinement imposed for that conviction, whichever is the later date," unless the court finds the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. OCGA § 24-9-84.1 (b). In addition, the conviction is not admissible unless the proponent gives the adverse party advance written notice of intent to use such evidence so that the adverse party has a fair opportunity to contest its use. Id.

As to the conviction at issue, the victim pled guilty to VGCSA in March 1993, and was sentenced to five years probation, but he was allowed to serve the sentence as a first time offender and no judgment of guilt was imposed at that time. On May 28, 1993, the court entered an adjudication of guilt on the VGCSA offense and sentenced the victim to two years to serve and five years probation.[1] As established at the hearing on motion for new trial, the victim's probation was later revoked in November of 1996 and he was sentenced to serve three years, five months, and seventeen days in jail. Crowder contends that the victim was therefore confined with respect to the 1993 conviction until February of 2000, and the provisions of OCGA § 24-9-84.1 (b) did not apply to his attempt to introduce the victim's VGCSA conviction.

Pretermitting whether Crowder is correct that the victim's 1993 conviction was not more than ten years old for purposes of

---

[1] The portion of a sentence served on probation does not constitute "confinement" for purposes of OCGA § 24-9-84.1 (b). *Allen v. State*, 286 Ga. 392, 394-396 (2) (687 SE2d 799) (2010).

OCGA § 24-9-84.1 (b), his trial counsel did not present this argument to the trial court. Rather, counsel told the trial court that he filed the notice of intent "for the reason that this is a conviction which is more than ten years in age . . . as far as the ten year or more aspect, that is why this notice has been put in writing and filed and served." Counsel then argued that his advance written notice to the State was sufficient, but he did not argue that the notice did not need to be given under OCGA § 24-9-84.1 (b). In light of trial counsel's actions, Crowder cannot now claim that the trial court erred in considering the sufficiency of the advance notice to the State for purposes of OCGA § 24-9-84.1 (b). "Matters not objected to at trial cannot be raised for the first time on appeal. Likewise, self induced error cannot be complained of on appeal." (Citations and punctuation omitted.) *Nelson v. State*, 279 Ga. App. 859, 864 (1) (b) (632 SE2d 749) (2006). Thus, Crowder's belated objection in his motion for new trial is not timely.

2. Alternatively, Crowder argues that the trial court abused its discretion in failing to admit the prior conviction because defense counsel provided timely notice to the State. Crowder points out that under previous law the State was allowed at any time before trial to give notice of its intent to use a defendant's prior conviction to seek recidivist punishment. See, e.g., OCGA § 17-10-2 (2005); *Jenkins v. State*, 235 Ga. App. 547, 549 (3) (a) (510 SE2d 87) (1998) (80 minutes notice sufficient). Compare OCGA § 17-16-4 (a) (5) ("[t]he prosecuting attorney shall, no later than ten days prior to trial, or at such time as the court orders but in no event later than the beginning of the trial, provide the defendant with notice of any evidence in aggravation of punishment that the state intends to introduce in sentencing"). He also argues that the victim's prior conviction was relevant to the defense's theory that the victim went to Edwards' home to collect drug money and was in a fighting mood.

Notwithstanding Crowder's arguments, the issue is framed by the statute. OCGA § 24-9-84.1 (b) provides that evidence of a conviction more than ten years old, as therein calculated, "is *not admissible* unless the proponent gives to the adverse party sufficient *advance* written notice of intent to use such evidence to provide the adverse party with *a fair opportunity* to contest the use of such evidence." (Emphasis supplied.) The old law on which Crowder relies provided that evidence in aggravation "as the state has made known to the defendant prior to the defendant's trial shall be admissible," (OCGA § 17-10-2 (2005)), and so our previous interpretation of that provision is not directly analogous. Here, Crowder's counsel served the State with the notice of intent to introduce the victim's conviction the day after the jury had been selected but before the presentation of

evidence to the jury.[2] See, e.g., *Ricciuti v. New York City Transit Auth.*, 1998 U. S. Dist. LEXIS 5083 (I) (a) (S.D. N.Y. 1998) (applying Fed R. Civ. P. Rule 609 (b), notice of intent to use prior conviction given on eve of trial would be untimely).[3] Under the circumstances, which included very little, if any, "advance" notification and the State's claim that it did not have time to prepare, the trial court did not abuse its discretion in finding the notice was not sufficient. The trial court also found on the record by the order denying the motion for new trial, irrespective of the timeliness of the notice, "the prejudicial effect of the victim's prior conviction for Violation of the Georgia Controlled Substances Act outweighed any probative value," and that the evidence of the conviction was therefore inadmissible. See *Carter v. State*, 303 Ga. App. 142, 146 (2) (692 SE2d 753) (2010) (express findings balancing the probity of a prior felony conviction against its prejudicial effect may be made in an order on a motion for new trial). Given the lack of any facts and circumstances, absent speculation, that illegal drugs were involved in the altercation at issue, we find no abuse of discretion in this determination. See *Woods v. State*, 304 Ga. App. 403, 408 (3) (696 SE2d 411) (2010) (no abuse of discretion by trial court, which found that the prior convictions were more prejudicial than probative, in excluding witness's prior convictions for burglary and forgery in defendant's trial for aggravated child molestation, child molestation and aggravated sexual battery). Accordingly, we conclude that the trial court did not err in precluding Crowder from introducing the victim's conviction for purposes of impeachment.

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED AUGUST 23, 2010.

*Benjamin D. Goldberg, Amanda L. Cosson*, for appellant.
*Kermit N. McManus, District Attorney, Susan L. Franklin, Assistant District Attorney*, for appellee.

---

[2] The trial court accepted the State's contention that the notice given the morning of trial was insufficient notice, although defense counsel contended he gave a "copy of this conviction . . . to the State yesterday."

[3] See *Allen v. State*, supra, 286 Ga. at 395 (2) (in interpreting OCGA § 24-9-84.1 (b), "we look for guidance to the judicial decisions of the federal courts construing Rule 609 (b) and the courts of our sister states construing their statutes modeled on Rule 609 (b)") (citations omitted).