**SECOND DIVISION
BARNES, P. J.,
MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**May 29, 2013**

# In the Court of Appeals of Georgia

A13A0564. MARTINEZ v. THE STATE.

MILLER, Judge.

Following his conviction of aggravated assault (OCGA § 16-5-21 (a) (2)), simple battery (OCGA § 16-5-23 (a) (1)), and hindering an officer (OCGA § 16-10-24 (a)), Geraldo Martinez appeals from the denial of his motion for new trial. Martinez contends that the trial court erred in accepting his improper waiver of his right to Grand Jury presentment and an indictment perfect in form; trial counsel was ineffective in failing to ensure a proper waiver; and the evidence was insufficient to support his conviction for hindering an officer. For the reasons that follow, we reverse in part and affirm in part.

Viewed in the light most favorable to the verdict,[1] the evidence shows that the victim knew Martinez and had hung out with him a few times. On October 2, 2008, the victim went over to Martinez's house in Gordon County around 7:00 p.m. Around 8:00 p.m. Martinez and the victim walked to a liquor store to buy some beer and wine. While the victim was paying for his items at the store, Martinez noticed that the victim had about $900 in cash. After completing their purchase, Martinez and the victim went back to Martinez's house.

At some point, after they returned to the house, Martinez asked the victim to go to the backyard with him. When they reached the backyard, Martinez hit the victim in the eye and repeatedly punched him in the stomach. The victim felt a painful, burning sensation and when he looked down he noticed that he had blood all over his stomach, pants and shirt. The victim walked away from Martinez's house and toward a nearby road where he passed out. A witness found the victim lying in the road and took him to the hospital. The victim subsequently received medical treatment for a cut on his right eyelid, and exploratory surgery for a stab wound on his left side that entered his abdomen and cut through his entire abdominal wall.

---

[1] See *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

A Calhoun Police Department detective interviewed the victim at the emergency room on the night of the incident. The victim identified Martinez as his attacker and provided directions to Martinez's house. Upon the officers' arrival at the house, Martinez, who was on the porch, ran inside the house. While searching the house, the patrolman noticed that the attic compartment was open. The patrolman identified himself as a police officer and repeatedly ordered anyone who was up in the attic to come down. Several minutes later, at his girlfriend's request, Martinez finally came down from the attic. Martinez was then arrested and subsequently indicted for aggravated assault, battery and hindering an officer.

At trial, however, the prosecutor informed the trial court that the State intended to try Martinez by accusation because the language of the assault charge in the indictment was based on the use of a knife and the victim could not identify the solid object that was used in the assault. After speaking with trial counsel, Martinez verbally waived his right to reindictment and agreed to proceed on the accusation. The jury then convicted Martinez of aggravated assault, simple battery, and hindering an officer.

1. Martinez contends that the trial court erred in accepting his waiver of his right to Grand Jury presentment and an indictment perfect in form because his waiver

3

was not in writing. We agree in part and reverse Martinez's conviction for aggravated assault.

(a) OCGA § 17-7-71 (a) pertinently provides that "[i]n all misdemeanor cases, the defendant may be tried upon an accusation framed and signed by the prosecuting attorney of the court." The accusations charging Martinez with simple battery and hindering an officer met the requirements of OCGA § 17-7-71 (a). Accordingly, Martinez had no right to grand jury indictment on those charges.

(b) With regard to the felony charge of aggravated assault, however, the State had to comply with the requirements of OCGA § 17-7-70 (a) in order to try Martinez by accusation rather than by grand jury indictment. "OCGA § 17-7-70 establishes the procedure for trials and guilty pleas on accusations. Subsection (a) gives the district attorney authority to file accusations against defendants in felony cases, other than capital felonies, when the defendant waives indictment by the grand jury in writing." *Smith v. Wilson*, 268 Ga. 38 (1) (485 SE2d 197) (1997). Aggravated assault is not one of the felony crimes for which a defendant may be tried without an indictment or a written waiver. See OCGA § 17-7-70.1 (a) (1). Accordingly, the State was only authorized to try Martinez by accusation on the aggravated assault charge if Martinez waived indictment by the grand jury in writing. See OCGA § 17-7-70 (a).

4

Here, the evidence showed that Martinez verbally waived his right to grand jury indictment at the start of his trial. This is insufficient, however, because a written waiver was a necessary prerequisite to the trial court's jurisdiction. See *Roberson v. Balkcom*, 212 Ga. 603 (1) (94 SE2d 720) (1956); *Armstrong v. State*, 281 Ga. App. 297, 298-299 (635 SE2d 880) (2006). Nothing in the record shows that Martinez waived his right to indictment in writing. Accordingly, Martinez's aggravated assault conviction is void for lack of jurisdiction and must be reversed.[2]

2. Martinez contends that the evidence was insufficient to support his conviction for hindering an officer.[3] We disagree.

Under OCGA § 16-10-24 (a), " a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." A conviction for misdemeanor obstruction or hindering an officer requires proof of "some form of knowing and wilful opposition to the officer sufficient to constitute obstruction or hinderance." (Punctuation and footnote omitted.) *Connelly v. State*, 298 Ga. App. 223, 224 (679 SE2d 790) (2009). This

---

[2] In light of this holding, we need not address Martinez's contention that trial counsel was ineffective with regard to the waiver of his right to indictment.

[3] Martinez does not challenge the sufficiency of the evidence supporting his conviction and sentence for simple battery.

Court has held that a defendant's flight from police and his attempt to conceal himself constitute sufficient evidence to support a conviction of misdemeanor hindering of an officer. See *Cline v. State*, 221 Ga. App. 175, 175-176 (471 SE2d 24) (1996); cf *Reddick v. State*, 298 Ga. App. 155, 156-157 (679 SE2d 380) (2009) (holding that defendant's actions in walking away from officers and refusing to stop when asked were sufficient to support his conviction for obstructing an officer).

Here, the evidence showed that Martinez fled into his house when the patrolman arrived in his patrol car. Martinez then hid in the attic of the house and refused to come down when ordered by the patrolman. Although Martinez argues that he did not resist arrest and had no verbal exchange with the patrolman, the evidence shows that his actions were not limited to a mere failure to immediately respond to the patrolman's orders. Compare *Coley v. State*, 178 Ga. App. 668, 668-669 (344 SE2d 490) (1986) (holding that defendant's failure to immediately respond to officer's orders, without more, was insufficient to support defendant's conviction under OCGA § 16-10-24).

By fleeing into the house and hiding in the attic when the police officers arrived, Martinez hampered and delayed the police in the lawful execution of their

duty. See *Cline*, supra, 221 Ga. App. at 176. Accordingly, the evidence was sufficient for the jury to find Martinez guilty of misdemeanor hindering of an officer.

*Judgment affirmed in part and reversed in part. Barnes, P. J., and Ray, J., concur.*