**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 31, 2016**

# In the Court of Appeals of Georgia

A16A1059. GREEN v. THE STATE.

McFADDEN, Judge.

After a jury trial, Roger Lee Green, II, was convicted of battery and obstruction of a law enforcement officer. He argues on appeal that the trial court erred in admitting other acts evidence, but the trial court did not abuse his discretion in admitting the evidence. Green argues that the trial court erred in refusing to admit evidence of the victim's prior conviction, but the trial court was authorized to find that Green had not timely notified the state of his intent to introduce the evidence. Green argues that the trial court erred in denying his motion for a mistrial because the state made an improper propensity argument, but the trial court did not abuse his discretion by instead addressing the improper argument through instruction to the

jury. Finally, Green argues that the trial court improperly increased his sentence, but the record does not support this claim. Accordingly, we affirm.

Viewed in the light most favorable to the judgment, the evidence showed that on the morning of December 11, 2013, Green and a neighbor got into an argument outside of Green's house. Green became enraged, approached the neighbor as the neighbor backed away, and hit the neighbor in the face, visibly injuring him and causing him to drop his phone. Green threatened to hit the neighbor again, then picked up the phone and threw it across the neighbor's yard.

The neighbor retrieved his phone and called 911. An officer was dispatched with information that the complainant (Green's neighbor) had been assaulted by the person who lived next door. That officer arrived at the scene in a marked police vehicle and wearing a uniform. As he pulled in to the driveway of Green's neighbor, he saw Green, whom he recognized from previous interactions, standing in the driveway next door.

The officer approached Green, who knew that he was dealing with a law enforcement officer. Green suspected that the officer wanted to talk with him about the altercation with his neighbor. Three times the officer told Green to come speak

with him, and three times Green refused. Green then ran into his house and closed his garage door behind him.

The responding officer called for backup. Once a second officer arrived, the first officer began knocking on Green's front door and yelling for him to open the door. Instead, Green jumped out a rear window and fled. After a chase, the officers found Green hiding and arrested him.

The jury found Green guilty on two counts of battery against his neighbor and one count of misdemeanor obstruction of the officer who had commanded him to come speak with him. The jury found Green not guilty on another count of misdemeanor obstruction of the other officer.

1. *Other acts evidence.*

Green challenges the trial court's admission of other acts evidence regarding two earlier instances in which he obstructed a law enforcement officer. In both instances, law enforcement officers were dispatched to Green's house in response to calls from his mother complaining of his behavior. In one instance, Green refused to answer the officers' questions and walked away from the officers despite being told several times that he was not free to leave. He was arrested for obstruction of an officer. In the other instance, Green initially refused to comply with an officer's

3

commands and made a threatening gesture and comment to the officer; then, after a physical altercation with the officer, he ran from the scene. Officers chased and apprehended him.

The trial court admitted evidence of these incidents as other acts evidence under OCGA § 24-4-404 (b) ("Rule 404 (b)") to show Green's knowledge. The trial court refused to admit the evidence for any other purpose, including intent.

Rule 404 (b) pertinently provides that "[e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including . . . knowledge[.]" OCGA § 24-4-404 (b). For other acts evidence to be admissible under Rule 404 (b), the state must make a showing that:

> (1) evidence of extrinsic, or other, acts is relevant to an issue other than a defendant's character, see Rule 404 (b); (2) the probative value of the other acts evidence is not substantially outweighed by its unfair prejudice, i.e., the evidence must satisfy the requirements of Rule 403 [OCGA § 24-4-403]; and (3) there is sufficient proof so that the jury could find that the defendant committed the act in question.

*State v. Jones*, 297 Ga. 156, 158-159 (1) (773 SE2d 170) (2015) (citations omitted). Accord *Olds v. State*, 299 Ga. 65, 69-70 (2) (786 SE2d 633) (2016). "A trial court's

4

decision to admit other acts evidence will be overturned only where there is a clear abuse of discretion." *Jones*, 297 Ga. at 159 (1) (citations omitted).

(a) *Relevance*.

As to the first requirement, Green argues that the evidence was not relevant to an issue other than his character because the ground for which it was admitted – knowledge – was not at issue in the case. We disagree. "Rule 404 (b) permits the admission in cases of all sorts of evidence of other acts relevant to *any fact of consequence to the determination of the action*, so long as the evidence is not offered to prove the character of the person in order to show action in conformity therewith." *State v. Frost*, 297 Ga. 296, 300 (773 SE2d 700) (2015) (footnote and punctuation omitted; emphasis supplied). The applicable standard for determining relevance is set forth in OCGA § 24-4-401. *Jones*, 297 Ga. at 159 (2). Under that Code section, "the term 'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OCGA § 24-4-401. This is a liberal standard. *Jones*, 297 Ga. at 159 (2) n. 2.

Applying this definition of relevant evidence, "we find no abuse of discretion in the trial court's determination that evidence of [the other instances in which Green

obstructed an officer] was relevant and admissible under Rule 404 (b)." *Jones*, 297 Ga. at 160 (2). The trial court held that the evidence was relevant to the issue of Green's knowledge. A defendant's knowledge may be at issue where, as here, "it is an element of the charged crime; that is, when knowledge itself is part of the statutory definition of the crime, and thus must be proven by the prosecution." 2 Weinstein's Federal Evidence, § 404.22 [2] (2016) (citations omitted).[1] See also *United States v. Merriweather*, 78 F3d 1070, 1076 (II) (B) (6th Cir. 1996) ("the government's purpose in introducing the evidence must be to prove a fact that the defendant has placed, or conceivably will place, in issue, *or a fact that the statutory elements obligate the government to prove*") (emphasis supplied). Knowledge is part of the statutory definition of misdemeanor obstruction of an officer, which offense occurs when "a person . . . *knowingly* and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties." OCGA § 16-10-24 (a) (emphasis supplied). See *Martinez v. State*, 322 Ga. App. 63, 65 (2) (743 SE2d 621) (2013)

[1] "[B]ecause our new Evidence Code is comparable to the Federal Rules of Evidence, this [c]ourt will give consideration and great weight to constructions placed on the Federal Rules by the federal courts." *Curry v. State*, 330 Ga. App. 610, 613 (1) (768 SE2d 791) (2015) (citations and punctuation omitted). In the event of a conflict between circuits, our "General Assembly has expressed its intent to follow the Eleventh Circuit[.]" *Bradshaw v. State*, 296 Ga. 650, 656 (3) (769 SE2d 892) (2015). See Ga. L. 2011, p. 1, § 1.

(conviction for misdemeanor obstruction "requires proof of some form of knowing and wilful opposition to the officer") (citation and punctuation omitted); *Mitchell v. State*, 312 Ga. App. 293, 297 (2) (718 SE2d 216) (2011) ("as one of the essential elements of this misdemeanor offense, the state must show that the defendant committed the act knowingly and wilfully") (citation omitted).

Nevertheless, Green argues that his knowledge was not at issue in this particular case because he admitted at trial that he knew the person from whom he ran was a law enforcement officer. But there are other types of knowledge relevant to a misdemeanor obstruction charge. See, e.g., *Connelly v. State*, 298 Ga. App. 223, 225 (679 SE2d 790) (2009) (physical precedent) (defendant's knowledge that he did not have the right to flee the encounter); *Williams v. State*, 285 Ga. App. 190, 192 (1) (645 SE2d 676) (2007) (physical precedent) (defendant's knowledge that the officer was pursuing him); *Veal v. State*, 226 Ga. App. 897 (487 SE2d 696) (1997) (defendant's knowledge that the officer "sought him"); *Cline v. State*, 221 Ga. App. 175, 175-176 (471 SE2d 24) (1996) (defendant's knowledge that the officers had come to effectuate his arrest).

At trial, Green challenged the state's ability to show that he knowingly failed to comply with a lawful command of a law enforcement officer. In defense of the

7

obstruction charge, Green argued that the officer was *not* acting in the lawful discharge of his official duties when he commanded Green to come speak with him. See generally *Ewumi v. State*, 315 Ga. App. 656, 658 (1) (727 SE2d 257) (2012) (describing circumstances in which a citizen may walk or even run from a law enforcement officer). By expressly challenging whether the officer was lawfully discharging his official duties in their encounter, Green implicitly challenged his own knowledge that the officer's commands to him were lawful. Indeed, Green's counsel argued at trial that, because the officer made no lawful commands to Green, the state could not show that Green had the knowledge required by the statute for the offense of misdemeanor obstruction. See *Thomas v. State*, 322 Ga. App. 734, 738 (2) (b) (746 SE2d 216) (2013) (holding that defendant's disobedience cannot have been knowing and wilful if officer has not made clear to defendant that he or she was compelled to obey); *Gibson v. State*, 265 Ga. App. 325, 328 (593 SE2d 861) (2004) (holding that defendant, who "admitted that he knew when he deliberately drove off [in his truck] that he was disobeying [an] officer's lawful order to park his truck at the side of the road," had engaged in conduct that was "both knowing and wilful"); *McClendon v. State*, 12 Ga. App. 691, 692 (78 SE 139) (1913) (holding, in addressing crime of obstructing an officer in serving or attempting to serve or execute a legal process or

8

order, that "[i]t is not enough that the accused should know that the person attempting to make the arrest is an arresting officer; [i]t must also appear that he knew that the officer was attempting to execute a lawful process or order").

The other acts evidence was relevant to the knowledge issue raised by Green's defense. It established that, on past occasions, Green had encountered officers under similar circumstances and been apprehended or accused of obstructing them when he fled. This evidence tended to show that, on this occasion, Green knew that the officer's command that he talk with him was made in the lawful discharge of the officer's official duties and that he was not free to flee. The state argued this use of the other acts evidence below. "[T]he introduction of evidence of repetitive conduct to allow a jury to draw logical inferences about a defendant's knowledge . . . from such conduct is well-established." *Jones*, 297 Ga. at 162 (2) (citations and footnote omitted). Our Supreme Court has explained that

> [t]he justification for admitting evidence of other acts to show knowledge is similar to the justification for allowing such evidence to show intent and is based on the principle that it is unlikely that repetitive conduct, even if originally innocent, will not result in a defendant having the requisite state of knowledge by the time of the charged crime.

9

*Jones*, 297 Ga. at 162 (2) n. 6 (citing 2 Weinstein's Federal Evidence § 404.22 [2] (2014)).

(b) *Probative value*.

As to the second requirement, regarding the probative value of the other acts evidence, we look to Rule 403. See *Jones*, 297 Ga. at 159 (1). That rule provides: "Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." OCGA § 24-4-403. Rule 403 is

> an extraordinary remedy which the courts should invoke sparingly, and the balance should be struck in favor of admissibility. The reason for such caution is that relevant evidence in criminal trials is inherently prejudicial. . . . [T]he major function of Rule 403 is to exclude evidence of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.

*Flading v. State*, 327 Ga. App. 346, 351-352 (2) (759 SE2d 67) (2014) (citations and punctuation omitted).

"Probative value refers to the strength of the connection between the evidence and what it is offered to prove." Milich, Georgia Rules of Evidence § 6.1 (2015). See

10

*Huff v. State*, __ Ga. __, __ (3) (__ SE2d __) (Case No. S16A0996, decided Oct. 17, 2016); *Olds*, 299 Ga. at 76 (2). As discussed above in Division 1 (a), the state had to establish that Green knowingly obstructed a law enforcement officer in the lawful discharge of his official duties; Green challenged the state's ability to show this statutory element of the misdemeanor obstruction offense. Although the jury could have inferred, solely from the circumstances of Green's interaction with the officer, that Green knew the officer was acting in the lawful discharge of his official duties, the other acts evidence of repetitive conduct under similar circumstances provided strong additional support for that inference. See *Jones*, 297 Ga. at 162 (2) & n. 6. Accordingly, there was a significant connection between the other acts evidence and the required element of Green's knowledge, giving the other acts evidence probative value. See *Huff*, supra, at __ (3).

Green argues that the prejudicial value of the other acts evidence substantially outweighed the probative value of the evidence because the other acts evidence went only to show Green's propensity to obstruct law enforcement officers and did not have a relevant, permissible purpose. But, as discussed above, "we have already determined that [the permissible purpose of Green's knowledge] was indeed a material issue in this case, and he provides no further argument or citation to

authority to support his contention that the [other acts] evidence was inadmissible [under Rule 403]." *Curry*, 330 Ga. App. at 615 (1) (citations omitted). Accordingly, Green has not shown that the trial court abused his discretion in declining to exclude the evidence under Rule 403.

(c) *Sufficiency of evidence that Green committed other acts.*

Green does not dispute that the third requirement – the sufficiency of evidence that he committed the other acts – was satisfied.

2. *Prior conviction of victim.*

Green argues that the trial court erred in refusing to admit evidence of his neighbor's 2001 conviction for deposit account fraud. Under OCGA § 24-6-609, "evidence of a conviction more than ten years old, as calculated in this subsection, shall not be admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." OCGA § 24-6-609 (b). The trial court held that Green had not given the state sufficient advance written notice and excluded the evidence. We review this ruling for abuse of discretion. See *Crowder v. State*, 305 Ga. App. 647, 650 (2) (700 SE2d 642) (2010) (construing similar language in former OCGA § 24-9-84.1 (b)).

12

The record shows that this case went to trial on Monday, June 23, 2014. It had been continued from an April trial date. At 1:24 p. m. the prior Thursday, June 19, Green filed with the trial court a written notice of his intent to use his neighbor's conviction in evidence. Green's counsel represented to the trial court that this notice was hand-delivered to the state that same day. The state, however, denied receiving the notice on that day. The trial court found that, even if Green had given the state written notice immediately after filing it with the court on June 19, this notice was insufficient because it was only "11 business hours" before trial.

We find no abuse of discretion. Although OCGA § 24-6-609 (b) does not set forth a specific time period for "sufficient" notice, it requires that the notice must afford the other party a "fair opportunity to contest the use of such evidence." In a case construing former OCGA § 24-9-84.1 (b), which contained similar language, we held that the trial court had not abused his discretion in refusing to admit evidence of a conviction where notice of intent to introduce the evidence was given "the day after the jury had been selected but before the presentation of evidence to the jury." *Crowder*, 305 Ga. App. at 649-650 (2) (footnote omitted). In support of this holding, we cited *Ricciuti v. New York City Transit Auth.*, 1998 U. S. Dist. LEXIS 5083 (I) (a) (SDNY 1998), which held that, under Fed. R. Evid. 609 (b), notice given on the "eve

13

of trial" would not be sufficient. *Crowder*, supra at 650 (2). Here, the trial court found that a time period that the parties disputed but that was, at most, "11 business hours" before the start of trial was insufficient to meet the notice requirement for use of an old conviction. Under the circumstances of this case, we do not find that the trial court abused his discretion in his ruling.

3. *Denial of mistrial.*

Green argues that the trial court erred by failing to grant a mistrial after the prosecutor made an impermissible argument during closing. We disagree.

In his closing, the prosecutor argued: "Mr. Green saw [the officer]. He knows him, sure. Yeah, he [–] he keeps with the police because he keeps getting in trouble; and when they come out there to talk to him about it, he runs. That's what he does. And he did it today – he did it that day." Defense counsel objected, pointing out in the jury's presence that the prosecutor "was talking about the past crimes[.]" In response, the trial court told the jury: "That's coming in for a very limited purpose, and I'll give you an instruction on that. It's only for knowledge so – I'll give you the instruction on a very limited purpose to consider the other obstructions." The prosecutor then continued his closing argument.

14

Defense counsel subsequently moved for a mistrial, which the trial court denied. Defense counsel then asked for a further limiting instruction. The trial court denied this request, noting that he had instructed the jury about the limited purpose of the other acts evidence both before its admission and again before the jury began deliberating.

"Whether to declare a mistrial is a question committed to the discretion of the trial judge, and the denial of a mistrial is reversible error only if it appears that a mistrial was essential to preserve the defendant's right to a fair trial." *McKibbins v. State*, 293 Ga. 843, 848 (750 SE2d 314) (2013) (citation and punctuation omitted). Green argues that the trial court should have granted him a mistrial because the prosecutor's argument invited the jury to draw an impermissible conclusion that Green was guilty of obstruction in this case because he has a propensity to obstruct officers. But a curative instruction can be an adequate remedy when a defendant's character is impermissibly injected into a case, see *Robinson v. State*, 298 Ga. 455, 460 (3) (782 SE2d 657) (2016), and in this case the trial court immediately reminded the jury of the limited purpose for which it could consider the other acts evidence. This reminder supplemented the other points in the trial when the trial court instructed the jury as to the limited purpose of the other acts evidence. Green has

cited no authority that would require a trial court to grant a mistrial under these circumstances, and we find no abuse of discretion in the trial court's decision to deny a mistrial. We do not address Green's argument that the trial court was required to rebuke the prosecutor, which Green raises for the first time in his reply brief, because he did not enumerate as error the trial court's failure to rebuke the prosecutor. See *Leonard v. State*, 325 Ga. App. 577 n. 1 (754 SE2d 155) (2014) (declining to consider argument made for first time in reply brief that was beyond scope of enumerated error).

4. *Sentence.*

Green argues that the trial court improperly increased his sentence. The record shows that, on June 26, 2014, the trial court orally declared that Green would serve two concurrent twelve-month sentences for his battery and obstruction convictions, and Green was taken into custody "immediately." Also on June 26, the trial court signed a written sentence stating that Green would serve two *consecutive* twelve-month sentences for the two convictions.

We find no error. "An oral declaration as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is." *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981) (citation and footnote omitted). Green correctly

16

notes that a trial court cannot increase an oral sentence after the defendant has begun to serve it. See id. (citing *Carrindine v. Ricketts*, 236 Ga. 283, 290 (223 SE2d 627) (1976)). But in addressing this issue in ruling on Green's motion for new trial, the trial court stated that he signed the written sentence *before* Green was taken into custody and began to serve his sentence, and the record supports the trial court's statement. Compare *Carrindine*, supra (where appellant spent more than half a year in custody under orally-prescribed two-year sentence, his sentence could not then be increased to more than two years). As a result, Green has not met his burden, as appellant, of proving error by the record. See *White v. State*, 257 Ga. App. 861, 862 (1) (572 SE2d 692) (2002).

*Judgment affirmed. Miller, P. J., and McMillian, J., concur*.