**THIRD DIVISION
GOBEIL,
COOMER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 6, 2019**

# In the Court of Appeals of Georgia

A18A2006. TAYLOR v. THE STATE.

GOBEIL, Judge.

Following a jury trial, John Andrew Taylor was found guilty of misdemeanor obstruction of a law enforcement officer. On appeal, Taylor argues that the evidence was insufficient to support the verdict. He also contends the trial court erred by denying his motion in limine to exclude certain testimony and in its charge to the jury. Because the evidence was insufficient to support the conviction for obstruction, we reverse.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004) (citation

omitted). We neither weigh the evidence nor judge the credibility of witnesses, but determine only "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

Thus viewed in the light most favorable to the verdict, the record shows that on November 6, 2014, Deputy Christopher Richardson initiated a traffic stop of a vehicle with a broken tag light. The vehicle's driver, Taylor, stopped the car in the middle of the road, and Richardson approached from the passenger side of the vehicle so as to avoid oncoming traffic. The deputy noticed a strong smell of marijuana coming from inside the vehicle. Taylor did not make eye contact with Richardson, and appeared to be chewing something. Richardson asked for and obtained Taylor's license, and Taylor complied with the deputy's request to exit the vehicle and walk to the patrol car. Richardson then attempted to conduct a safety frisk of Taylor. As the deputy reached into the waistband of Taylor's pants, Taylor grabbed the deputy's wrist. Richardson then performed a takedown maneuver and "advised [Taylor] to stop resisting," but Taylor refused to take his hands out of his pockets. Fearing that Taylor might be armed, Richardson ordered Taylor to "stop resisting" and "pull [his] hands

2

out" of his pockets. The deputy shouted, "Let me see your hands, let me see your hands," but Taylor failed to comply.

Richardson radioed for assistance, and "took a step back" from the situation once other officers arrived. When asked at trial when, if ever, he attempted to look into Taylor's mouth, Richardson testified that, "[a]fter [Taylor] had gotten into another altercation with another [c]orporal on the shift they finally got him to open his mouth." Richardson suspected Taylor may have swallowed contraband. He eventually looked in Taylor's mouth and observed a green, leafy substance that he believed to be marijuana. Corporal Danny Peppers, who responded to the call for back-up, testified that he, too, had to perform a takedown maneuver on Taylor when he attempted to search Taylor's lower body. Peppers did not recall if he saw Richardson look in Taylor's mouth, and Peppers testified that he did not ask Taylor to open his mouth.

Taylor was charged with one count of tampering with evidence based on his allegedly destroying suspected marijuana (Count 1), and one count of obstruction of an officer "by disobeying [Deputy Christopher Richardson's] lawful command to open his mouth, in violation of OCGA § 16-10-24 (a)" (Count 2). At the pre-trial motion hearing, Taylor moved to exclude evidence of the physical struggle between

3

Taylor and the officers. Taylor argued this evidence was irrelevant to the obstruction charge of disobeying a lawful command to open his mouth, and highly prejudicial. The State responded that evidence of the physical altercation was necessary for the jury to be able to understand the entire context of the encounter, and thus such evidence was more probative than prejudicial. The State further argued that evidence of Taylor's physical resistance was necessary to explain the charge of evidence tampering. The trial court denied the motion, noting that Taylor's trial counsel could "argue that [the jury is] not to consider any struggle as obstruction because that's not what he's charged with."

Following the close of the State's evidence at trial, which consisted of testimony from Richardson and Peppers, Taylor moved for a directed verdict on both counts. The trial court denied the motion based on one of the officer's testimony that "he saw something green in [Taylor's] mouth." Taylor was acquitted on the charge of tampering with evidence and convicted of obstruction of an officer as charged in Count 2. On October 29, 2015, he was sentenced to 12 months' probation. The trial court denied Taylor's motion for a new trial. This appeal followed.

1. Taylor argues that the evidence was insufficient to sustain his conviction for obstructing a law enforcement officer. Specifically, he argues the State failed to

present any evidence that the officers issued a lawful command for Taylor to open his mouth. We agree.

"The essential elements of OCGA § 16-10-24 (a) obstructing or hindering law enforcement officers are: that the act constituting obstruction or hindering was knowing and willful and that the officer was lawfully discharging his official duties." *Cline v. State*, 221 Ga. App. 175, 175 (471 SE2d 24) (1996). Taylor was accused of obstructing a officer by failing to open his mouth in response to a lawful command to do so.[1]

Here, there was evidence that Taylor's mouth was closed, and that he made "chewing motions." However, there is simply no evidence that any of the officers commanded Taylor to open his mouth. In the absence of this evidence, the State failed to establish that Taylor knowingly or willfully failed to submit to lawful authority by disobeying a command to open his mouth. See *Porter v. State*, 224 Ga. App. 276, 279-280 (2) (480 SE2d 291) (1997) (evidence insufficient to sustain a conviction for obstruction under OCGA § 16-10-24 (a) where, although the defendant ran at the sight of police, there was no evidence that the officers commanded him to halt or that

---

[1] We note that Taylor was not accused of obstruction based on the physical altercations with officers.

5

he failed to comply with any such command). The evidence that Taylor did not open his mouth, without evidence that such refusal or failure contravened a directive from Richardson or Peppers, or any other officer, is insufficient to support his conviction for obstruction. See *Lebis v. State*, 302 Ga. 750, 761 (III) (A) (808 SE2d 724) (2017) (in absence of evidence that defendant refused to comply with any directives from either arresting officer, the defendant's act of yelling at officers to leave her husband alone was insufficient to support misdemeanor obstruction convictions). Accordingly, Taylor's conviction for obstruction under Count 2 of the accusation must be reversed.

2. In light of our holding in Division 1, we need not address Taylor's contention that the trial court erred in denying his motion in limine to exclude prejudicial testimony or his contention that the trial court erred in its charge to the jury.

*Judgment reversed. Coomer and Hodges, JJ., concur.*